**Marty O'Shea FRANKLIN,**
**Petitioner-Appellant,**

v.

**James ROSE, Respondent-Appellee.**

**No. 85–5905.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 7, 1986.

Decided Feb. 13, 1987.

Paul J. Neel, Jr., argued (court appointed), Louisville, Ky., for petitioner-appellant.

James W. Thompson, argued, Jerry L. Smith, Deputy Atty. Gen., Nashville, Tenn., for respondent-appellee.

Before KRUPANSKY and RYAN, Circuit Judges, and HULL, District Judge.*

KRUPANSKY, Circuit Judge.

Petitioner-appellant Marty O'Shea Franklin (Franklin) appealed from an order of the district court dismissing his petition for a writ of habeas corpus for his failure to exhaust available state judicial remedies as required by 28 U.S.C. § 2254.[1] The record disclosed the following facts.

---

* Hon. Thomas G. Hull, Chief Judge, United States District Court for the Eastern District of Tennessee, sitting by designation.

1. 28 U.S.C. § 2254 provides, in pertinent part:

(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an

Franklin was convicted in the Criminal Court of Shelby County, Tennessee for rape, armed robbery, felonious assault, and illegal possession of a sawed-off shotgun. Franklin timely appealed his convictions to the Tennessee Court of Criminal Appeals. In his brief before that court, Franklin alleged sixteen (16) assignments of error, the twelfth of which asserted that "[t]he court erred in refusing to allow the medical record of Central State Hospital to be admitted into evidence." The *entire* discussion in Franklin's brief referencing this "error" stated:

> Appellant substantially complied with the principles set out in *Graham v. State*, 547 S.W.2d 531 (Tenn.1974 [sic]); and the diagnoses made by Doctors Nash and Luton, that Mr. Franklin suffered from schizophrenia whoudl [sic] have been admitted. (Tr. 569–70).

The Court of Criminal Appeals affirmed Franklin's convictions and addressed his assignment of error concerning the hospital records as follows:

> Moreover, we find no reversible error in the trial court's decision[ ] ... to prohibit the introduction of hospital records for which no proper foundation had been laid, as required by *Graham v. State*, *supra*.

Franklin thereafter filed a timely Application for Permission to Appeal in the Tennessee Supreme Court. The application provided, in pertinent part:

### QUESTIONS FOR REVIEW

Your Applicant, in seeking review of his case, is asking this Honorable Court to exercise its supervisory power to insure that the Courts of this State afford fairness and justice to defendants in criminal trials, and for cause would show as follows:

That the Court of Criminal Appeals erred in not granting a reversal of the Criminal Court's conviction, or, in the alternative, a new trial based on the following errors of the Criminal Court, *which errors, individually, and if considered as a group, effectively denied Defendant of his right to a fair trial as guaranteed to him under the United States Constitution and the Constitution of the State of Tennessee.*[2] (emphasis added)

\* \* \* \* \* \*

> (13) Whether the Court erred in refusing to allow the medical records of Central State Hospital to be admitted into evidence.

The entire discussion in the application on this issue stated:

> The Court erred in refusing to allow the medical record of the Central State Hospital to be admitted into evidence. Defendant substantially complied with the principles set out in *Graham v. State*, 547 S.W.2d 531 (Tenn., 1974 [sic]). Defendant was prejudiced because he could not present evidence in his own behalf. Doctors Nash and Luton of Central State made diagnoses that Mr. Franklin suffered from schizophrenia. (Tr. 659–70).

The Tennessee Supreme Court refused permission to appeal.

On August 26, 1983, Franklin filed a *pro se* petition for a writ of habeas corpus in the District Court for the Middle District of Tennessee. The district court dismissed the petition on the merits, and Franklin filed a motion to reconsider. The motion contained eight previously unexpressed grounds for relief. The motion was denied.

absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

**2.** Franklin's counsel in oral argument before this court on appeal termed these two paragraphs as an "overlay" provision which applied to all of the enumerated assignments of error that sufficiently implicated issues of constitutional magnitude that invoked the jurisdiction of the federal courts.

Franklin appealed and a panel of this Circuit affirmed the denial of the writ of habeas corpus for the reasons articulated by the district court, but remanded the case for consideration of the eight claimed constitutional errors incorporated into the petitioner's motion for reconsideration. *Franklin v. Rose*, 765 F.2d 82 (6th Cir. 1985).

On remand, the district court dismissed Franklin's petition for failure to exhaust available state remedies as required by 28 U.S.C. § 2254. The court concluded that Franklin had not fairly presented the seventh of the eight alleged constitutional violations to the state courts. The seventh assignment of error expressed in the motion to reconsider asserted:

> That petitioner was denied due process of the law and a fair trial by the trial courts refusing to allow the admission into evidence medical records of Central State Hospital on the question of petitioner's competence.[3]

Franklin timely appealed the district court's order to this Court.

Franklin, while admitting that his seventh assignment of error set forth in his motion for reconsideration was presented to the Tennessee Court of Criminal Appeals as an issue of state law only, asserted that the "overlay" provision in his application for permission to appeal to the Tennessee Supreme Court sufficed to fairly present this claim to the state court. United States Supreme Court precedent indicates otherwise.

In *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), the Supreme Court considered a petition for habeas corpus in which the petitioner, Connor, charged that he was denied a federal right under the Equal Protection clause of the Fourteenth Amendment when a "John Doe indictment" was amended to substitute his name. In his briefs before the state courts, Connor argued that the amendment violated his Fifth Amendment rights. The

Supreme Court held that Connor had not fairly presented his Equal Protection argument to the state court and had not, therefore, exhausted available state remedies. The Court stated "that the *substance* of a federal habeas corpus claim must first be presented to the state courts." *Id.*, 404 U.S. at 278, 92 S.Ct. at 513 (emphasis added).

The exhaustion-of-state-remedies doctrine, now codified in the federal habeas statute, 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." We have consistently adhered to this federal policy, for "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." It follows, of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied. *Id.* at 275, 92 S.Ct. at 512 (citations and footnote omitted).

In 1982, the Supreme Court reversed this Circuit's decision in a factually similar case styled *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (per curiam). In that proceeding the habeas petitioner, Harless, on direct appeal in the state courts argued that the trial court's instruction on the malice element of first-degree murder was erroneous. The only support he offered for his argument was the citation to a state supreme court case analyzing a similar claim under state law. Harless, after his conviction was affirmed by the state appellate courts, filed a petition for a writ of habeas corpus charging that the instruction as to the term "malice" unconstitutionally shifted the burden of proof to the defendant in violation of *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61

---

3. Because a petition which contains both exhausted and unexhausted claims must be dismissed, *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct.

1198, 71 L.Ed.2d 379 (1982), the court did not address the other seven issues presented in Franklin's motion to reconsider.

L.Ed.2d 39 (1979). The district court concluded that Harless had exhausted state remedies. *Harless v. Anderson*, 504 F.Supp. 1135 (E.D.Mich.1981). Upon appellate review to this Court, the decision of the trial court was affirmed in the following language:

> Harless' reliance on [*People v.*] *Martin* [392 Mich. 553, 221 N.W.2d 336 (1974)] was sufficient to present the state courts with the substance of his due process challenge to the malice instruction for habeas exhaustion purposes. The substance of Harless' state appeal, although unartfully phrased, sufficiently asked the state court to consider that the incorrect malice instruction denied Harless a fair jury trial by effectively eliminating the possibility of a manslaughter verdict from the jury's consideration. In our view, the due process ramifications were self-evident.

*Harless v. Anderson*, 664 F.2d 610, 612 (6th Cir.1981).

The Supreme Court reversed the decision of this Circuit concluding that Harless had not exhausted available state remedies. *Martin* was a case anchored entirely on state law in which the defendant had "asserted a broad federal due process right ...," *Anderson*, 459 U.S. at 7, 103 S.Ct. at 277, and the Court found Harless' reliance on it insufficient to *fairly present* the *substance* of his federal claim to the state courts. *Id.* at 6, 103 S.Ct. at 277.

> We doubt that a defendant's citation to a state-court decision predicated solely on state law ordinarily will be sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the *cited* case advanced a federal claim. However, it is clear that such a citation is insufficient when, as here, the federal claim asserted in the cited case is not even the same as the federal claim on which federal habeas relief is sought.

*Id.* at 7–8 n. 3, 103 S.Ct. at 277–78 n. 3 (emphasis original) (citation omitted).

Despite Franklin's use of the "overlay" characterization in his application for permission to appeal to the Tennessee Supreme Court, this case comes within the four corners of *Anderson*. Franklin stated a single broad generalization that he was denied a fair trial. When he explained the manner in which the exclusion of the hospital records denied him a fair trial, Franklin relied *exclusively* upon state law. The only case cited by Franklin was *Graham v. State, supra,* in which the Tennessee Supreme Court supported its decision on the admissibility of hospital records entirely upon the Uniform Business Records as Evidence Act, Tenn.Code Ann. §§ 24–712—24–715. The only constitutional argument advanced in that case was one anchored in the Sixth Amendment right of confrontation. Such an argument is clearly not applicable in this case.[4]

In *Picard* and *Anderson*, the Supreme Court has clearly indicated its approval of the proposition that "[f]or a claim to be exhausted, the state court system must have been apprised of the facts and *legal theory* upon which the petitioner bases his assertion." *Galtieri v. Wainwright*, 582 F.2d 348, 353, *reh'g denied*, 587 F.2d 508 (5th Cir.1978) (en banc) (citing *Picard, supra* ) (emphasis added). *See also Winfrey v. Maggio*, 664 F.2d 550, 553 (5th Cir.1981); *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir.1984) ("[T]he habeas petitioner must present his claim to the state courts as a federal constitutional issue—not merely as an issue arising under state law."); *Wilks v. Israel*, 627 F.2d 32, 38 (7th Cir.1980), *cert. denied*, 449 U.S. 1086, 101 S.Ct. 874, 66 L.Ed.2d 811 (1981) ("A difference in legal theory between that urged in state courts and in a petition for a writ of habeas corpus precludes exhaustion."); *Lockett v. Arn*, 728 F.2d 266, 270 n. 1, *rereported*, 740 F.2d 407 (6th Cir.1984), *cert. denied*, —— U.S. ——, 106 S.Ct. 3332, 92 L.Ed.2d

---

**4.** In *Graham,* the criminal defendant claimed that the *admission* of the records denied him the opportunity to confront the witnesses against him, namely, the doctors who examined him and compiled the reports. In this case, Franklin asserts that the *exclusion* of the records denied him of the right to adequately present his defense.

738 (1986) (claim in state court that failure to give a requested jury instruction "substantially affected" petitioner's rights did not present the state court with a constitutional issue).

In *Daye v. Attorney General*, 696 F.2d 186 (2d Cir.1982), *after remand*, 712 F.2d 1566 (1983), *cert. denied*, 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984), the Second Circuit addressed exhaustion where the petitioner had asserted in state court that he was denied a "fair trial:"

> The greatest difficulty arises when in the state court the petitioner has described his claim in very broad terms, such as denial of a "fair trial." * * * Obviously, not every event in a criminal proceeding that might be described as "unfair" would be a violation of the defendant's rights under the Constitution. * * * In order to determine, therefore, whether a claim that the defendant has been denied a "fair trial" involves a constitutional claim, one must look to the factual allegations supporting the claim.
>
> *    *    *    *    *    *
>
> [T]he ways in which a state defendant may fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution, include (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases *employing constitutional analysis in like fact situations*, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts well within the mainstream of constitutional litigation.

*Id.* at 193–94 (emphasis added) (citations omitted). *See also, Purnell v. Missouri Dept. of Corrections*, 753 F.2d 703, 706–08 (8th Cir.1985); *Petrucelli v. Coombe*, 735 F.2d 684, 687–90 (2d Cir.1984). Franklin did not apprise the Tennessee state courts of his federal constitutional claims in any of the ways suggested by *Daye*.

It is apparent from the foregoing precedent that Franklin's "overlay" provision did not "fairly present" the "substance" of his constitutional argument to the Tennessee state courts. To fairly present his constitutional argument to the state courts required more than the use of a generalized catch-all phrase which merely alleged the deprivation of a fair trial under the United States Constitution. Such a catch-all provision does not adequately apprise the state courts of the constitutional theory to be relied upon at appellate review, especially under circumstances where the only legal theory presented to the state courts was predicated entirely upon state evidentiary law. The judgment of the district court is, therefore, hereby AFFIRMED.