833 F.2d 1012
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elbert JONES, Petitioner,
v.
E.P. PERINI, Respondent.
 No. 86-4005.
 United States Court of Appeals, Sixth Circuit.
 Nov. 24, 1987.
 
 Before ENGEL, KRUPANSKY, and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Elbert Jones (petitioner) appealed from the District Court's denial of his petition for habeas corpus. Petitioner was tried and convicted of several counts including aggravated robbery, kidnapping, and aggravated burglary in an Ohio state court. Judgment was entered on January 17, 1984 and petitioner was sentenced to a term of thirteen to twenty-five years, including an additional three year term imposed under Ohio's enhanced sentencing statute which is applicable in cases where a firearm was involved in the commission of a crime. See Ohio Rev.Code Ann. Sec. 2929.71 (Page 1987).
 
 
 2
 Petitioner moved for a new trial on January 20, 1984, claiming that he had an affidavit which demonstrated that the alleged burglary which formed the nexus of petitioner's convictions had in fact never occurred. The trial court denied this motion. Petitioner appealed his conviction to the Court of Appeals for Cuyahoga County, which affirmed each of the convictions on January 24, 1985. Petitioner's appeal to the Ohio Supreme Court was rejected on May 15, 1985.
 
 
 3
 Petitioner then filed a petition for a writ of habeas corpus in the District Court on November 7, 1985. The petition was referred to a Magistrate, and on July 21, 1986, he recommended that the petition be denied. The petitioner duly filed objections to the Magistrate's report. On September 30, 1986, the District Court issued an order adopting the Magistrate's Report and Recommendation, and denied the petition. Petitioner timely appealed that order on September 29, 1986.
 
 
 4
 Petitioner's first argument on appeal charged that the trial court erred in its instructions to the jury as to the enhanced sentencing statute, and that such error denied his right to due process, as guaranteed under the federal constitution. However, petitioner had failed to object to the instruction at the time of trial as required by Ohio Rule of Criminal Procedure 30. Contrary to petitioner's assertions, the Ohio Court of Appeals relied, at least in part, on this procedural default. See Raper v. Mintzes, 706 F.2d 161, 163-64 (6th Cir.1983). Furthermore, petitioner failed to present to any state court his argument that the jury instruction in question denied a federal constitutional right of due process. See Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 226, 277, 74 L.Ed.2d 3 (1982) (per curiam); Franklin v. Rose, 811 F.2d 322, 325 (6th Cir.1987).
 
 
 5
 Ohio law "precludes [petitioner] from a post-conviction challenge [in state court] of the jury instruction where his constitutional claim could have been fully litigated at trial or on direct appeal. Engle v. Isaac, [456 U.S. 107, 125] n. 28, 102 S.Ct. 1558, 1570 n. 2, 71 L.Ed.2d 783, 799 n. 28 (1982); Keener v. Ridenour, 594 F.2d 581 (6th Cir.1979)." Fornash v. Marshall, 686 F.2d 1179, 1185 n. 5 (6th Cir.1982), cert. denied, 460 U.S. 1042, 103 S.Ct. 1439, 75 L.Ed.2d 796 (1983). Under 28 U.S.C. Sec. 2254(b), no further attempt to exhaust state procedural remedies is required where there is "an absence of available State corrective process ... to protect the rights of the prisoner." Thus, this case does not present an exhaustion of state remedies issue. See Ferguson v. Knight, 809 F.2d 1239, 1241 (6th Cir.1987); Leroy v. Marshall, 757 F.2d 94, 97 (6th Cir.), cert. denied sub nom. Leroy v. Morris, 474 U.S. 831, 106 S.Ct. 99, 88 L.Ed.2d 80 (1985).
 
 
 6
 However, before petitioner can present this alleged constitutional error in federal court, he must first demonstrate adequate cause both for his procedural failure to have made contemporaneous objection to the jury instruction at issue, and also for his substantive failure to have addressed his federal constitutional claim in state court. Murray v. Carrier, 477 U.S. 478, ---, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); Maupin v. Smith, 785 F.2d 135 (6th Cir.1986). In this case, petitioner has advanced no argument as to why he failed to utilize available state court remedies. Therefore, the District Court properly refused to consider this allegation. Wilson v. McMacken, 786 F.2d 216, 220 (6th Cir.1986).
 
 
 7
 Petitioner's second argument alleged that the trial court erred in preventing him and another witness from testifying as to the content of conversations which had taken place between petitioner and the victims of the burglary. At trial, petitioner had advanced the argument that no burglary had taken place. Petitioner and another witness testified that the victims of this burglary had actually invited petitioner and his friends into the house with the prospect of making a sale of drugs. Petitioner further testified that the sale had not been consummated, and that instead one of the occupants of the house had voluntarily placed a number of her personal belongings, including furs and jewelry, along with approximately $1,400 in cash, into a plastic garbage bag and had then placed the bag into the petitioner's automobile. The trial court had permitted petitioner and another witness to present this story to the jury, but refused to allow any testimony as to the actual content of conversations that occurred during the burglary, ruling that such testimony constituted impermissible hearsay.
 
 
 8
 Petitioner now argues that the trial court's prohibition prevented him from mounting an effective defense in his own behalf. In order to prove such a claim, petitioner must demonstrate that the testimony which was barred "would have been relevant and material, and ... vital to the defense." United States v. Valenzuela-Bernal, 458 U.S. 858, 867, 102 S.Ct. 3440, 3446, 73 L.Ed.2d 1193 (1982) (quoting Washington v. Texas, 388 U.S. 14, 16, 87 S.Ct. 1920, 1922, 18 L.Ed.2d 1019 (1967)) (emphasis added). In petitioner's case, although the testimony offered was not hearsay, and thus should not have been excluded; it was, however, cumulative of testimony given by petitioner himself, as well as another witness. Valenzuela-Bernal, 458 U.S. at 871 & n. 8, 102 S.Ct. at 3448 & n. 8. As such, this testimony was neither vital to his defense nor did its exclusion prevent petitioner from receiving a fair trial; this error was thus harmless. Id. at 872, 102 S.Ct. at 3449.
 
 
 9
 Petitioner's third argument alleged that the trial court erred in allowing an eight year old child to testify at the trial. It is not necessarily impermissible to permit a young child to testify, and at most the trial court's decision amounted to an erroneous evidentiary ruling. Questions regarding the propriety of state evidentiary rulings are not reviewable in federal habeas proceedings "unless the fundamental fariness of the trial has been so impugned as to amount to a denial of due process." Brofford v. Marshall, 751 F.2d 845, 857 (6th Cir.) (quoting Bell v. Arn, 536 F.2d 123, 125 (6th Cir.1976)), cert. denied sub nom. Brofford v. Morris, 474 U.S. 872, 106 S.Ct. 194, 88 L.Ed.2d 163 (1985). In petitioner's case, the young girl's testimony was merely cumulative of that offered by four other adult witnesses. It cannot therefore be argued that the trial court's decision to allow the girl to testify constituted such fundamental unfairness as to amount to a denial of due process.
 
 
 10
 Petitioner's fourth argument urged that the trial judge demonstrated a bias against the petitioner in the presence of the jury and thereby denied petitioner a fair trial. In particular, petitioner objected to an instance when the trial judge admonished the petitioner as well as counsel on both sides not to "play games" in his courtroom. These comments, however, were made outside the presence of the jury and therefore could not have been prejudicial.
 
 
 11
 Additionally, petitioner objected to the fact that, at one point, the judge asked several questions of a particular witness regarding guns that the witness claimed to have observed at the scene of the burglary. "To violate a defendant's right to a fair trial, 'a trial judge's intervention in the conduct of a criminal trial would have to reach a significant extent and be adverse to the defendant to a substantial degree.' " McBee v. Grant, 763 F.2d 811, 818 (6th Cir.1985). The limited and neutral comments of the judge in the present case fail to reach such a level of intervention.
 
 
 12
 Petitioner's final argument charged that the trial court's failure to grant his request for a new trial based upon new evidence of his innocence amounted to a denial of due process. Petitioner argued that he had obtained an affidavit from a individual who had heard one of the victims of the burglary later state that in fact no burglary ever took place. However, "the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." Townsend v. Sain, 372 U.S. 293, 317, 83 S.Ct. 745, 759, 9 L.Ed.2d 770 (1963), quoted with approval in Burks v. Egeler, 512 F.2d 221, 230 (6th Cir.), cert. denied, 423 U.S. 937, 96 S.Ct. 297, 46 L.Ed.2d 270 (1975).
 
 
 13
 Accordingly, having reviewed the brief of petitioner and the record in its entirety, and having found no error in the opinion below, the order of the District Court denying the petition for writ of habeas corpus is hereby AFFIRMED.