849 F.2d 1472
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry BROWN, Petitioner-Appellant,
v.
Supt. Norm HILLS, Respondent-Appellee.
 No. 87-4059.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1988.
 
 Before MILBURN, RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This pro se Ohio state prisoner appeals the district court's judgment dismissing without prejudice his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254.
 
 
 3
 Petitioner was convicted by a jury of five counts of forgery, five counts of uttering a forged instrument, and one count of receiving stolen property. He received indefinite, consecutive terms of two to five years on each count for a total of twenty-two to fifty-five years imprisonment. The sentence was later reduced to fifteen to fifty-five years. In his petition, he raised the following claims: 1) ineffective assistance of counsel; 2) denial of his right to appeal (ineffective assistance of appellate counsel); 3) judicial abuse of discretion; and, 4) judicial bias. The district court dismissed the petition for lack of exhaustion under the authority of Rose v. Lundy, 455 U.S. 509 (1982). Upon review, we affirm the district court's judgment.
 
 
 4
 Petitioner did not exhaust his remedies as to his second claim. That claim was presented in a motion for postconviction relief. The trial court dismissed the motion, and the Ohio Court of Appeals affirmed the dismissal. Petitioner did not, however, appeal the judgment to the Ohio Supreme Court. Consequently, petitioner did not fairly present his second claim to all levels of state court review. See Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir.1987); Franklin v. Rose, 811 F.2d 322, 325 (6th Cir.1987).
 
 
 5
 Petitioner still has a remedy available to him in the Ohio courts. He may file a motion to vacate sentence pursuant to Ohio Rev.Code Sec. 2953.21; that motion would be reviewable by the Ohio appellate courts upon a showing of good cause. See Ohio Rev.Code Sec. 2953.23(A).
 
 
 6
 Contrary to the district court's determination, we conclude that petitioner is barred from seeking relief on his fourth claim. Petitioner alleged that the trial judge made prejudicial remarks about him during the trial. Because the remarks would have been reviewable on appeal, the allegation of judicial bias should have been raised on direct appeal. See State v. Perry, 10 Ohio St.2d 175, 226 N.E.2d 104, 108 (1967). Since it was not raised on direct appeal, petitioner was required to establish cause and prejudice for the procedural default. See Engle v. Isaac, 456 U.S. 107 (1982); Wainwright v. Sykes, 433 U.S. 72 (1977). This he did not do. Consequently, petitioner has waived review of his fourth claim.
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.