856 F.2d 194
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William K. HARRIS, Petitioner-Appellant,
v.
Herman C. DAVIS, W. Mike Cody, Respondents-Appellees.
 No. 87-6346.
 United States Court of Appeals, Sixth Circuit.
 Aug. 23, 1988.
 
 Before BOYCE F. MARTIN, Jr., RALPH B. GUY, Jr. and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 William K. Harris, a Tennessee state prisoner, appeals the district court's judgment dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254.
 
 
 3
 In 1976, Harris, who was imprisoned three years earlier, escaped from prison and committed several armed robberies. Upon recapture, petitioner pled guilty to several counts of armed robbery and was sentenced to thirty years imprisonment. Although an escape charge was lodged against petitioner, it was ultimately dismissed. In this petition, petitioner raised the following claims: 1) he is in prison for a crime not charged in the indictment, namely, escape; 2) he was subjected to double jeopardy when his sentence was illegally altered; 3) he has been denied good time credits; 4) his due process rights were violated when he was subjected to an enhanced sentence on a charge not mentioned in the indictment; and 5) his sentence date was illegally altered. The magistrate assigned to the case recommended dismissal of the suit as a mixed petition finding that neither the due process nor the double jeopardy claims were adequately presented to the state courts. The district court adopted the magistrate's recommendation over petitioner's timely objections. We affirm.
 
 
 4
 Harris has presented neither the due process nor the double jeopardy claims for review by the Tennessee courts. See Pillette v. Foltz, 824 F.2d 494, 497 (6th Cir.1987); Franklin v. Rose, 811 F.2d 322, 325 (6th Cir.1987). Therefore, Harris has not exhausted his state remedies, and the district court properly dismissed the petition as a mixed petition under Rose v. Lundy, 455 U.S. 509 (1982).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.