948 F.2d 1289
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rose MANROSS, Petitioner-Appellant,
v.
SUPERINTENDENT, OHIO REFORMATORY FOR WOMEN, Respondent-Appellee.
 No. 91-3428.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1991.
 
 1
 Before MILBURN and RALPH B. GUY, Circuit Judges, and ALLEN, Senior District Judge.*
 
 ORDER
 
 2
 Rose Manross, through counsel, appeals the district court's order denying her petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. Manross also moves for appointment of counsel on appeal. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In June of 1986, a jury found Manross guilty of aiding and abetting in committing the offense of selling cocaine, in violation of Ohio Rev.Code § 2923.03(A)(7). She was sentenced to a term of five to twenty-five years of imprisonment. In support of her request for habeas relief, Manross alleged nine grounds: 1) she was denied effective assistance of counsel by being tried jointly with her son while being represented by the same attorney at trial, creating a conflict of interest; 2) the trial court erred by permitting into evidence recordings of conversations which allegedly were not authenticated and which related to crimes occurring on dates other than those charged in the indictment; 3) her sentence was improperly enhanced because of the failure of the court to instruct the jury on the quantity of cocaine involved and a lack of a jury finding concerning that quantity; 4) the evidence was insufficient to find that she aided and abetted in the sale of cocaine; 5) because cocaine is not specifically listed as a controlled substance in Ohio Rev.Code § 3719.41, the indictment failed to charge an offense under state law; 6) she was denied due process because she was charged as a principle offender, but tried and convicted as an aider and abettor, thus not receiving adequate notice of the charges; 7) she was denied due process by being sentenced to complicity, where the instructions to the jury would not authorize such a conviction on that charge; 8) she was denied due process by improper jury instructions which allegedly inadequately informed the jury on the mental state of mind necessary to convict for aiding and abetting; and 9) she was denied effective assistance of counsel by counsel's failure to object to the specific errors enumerated above.
 
 
 4
 The matter was referred to a magistrate judge, who determined that grounds two, three, four, five and seven were not fairly presented in the state courts as claims based on constitutional rights or rights under federal law. Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam); Picard v. Connor, 404 U.S. 270, 275 (1971); Franklin v. Rose, 811 F.2d 322, 325-26 (6th Cir.1987). The magistrate judge then discussed the remaining claims on the merits and recommended that the petition be denied. The district court, after considering the petitioner's objections to the report, adopted the recommendation and denied the petition.
 
 
 5
 Upon review, this court concludes that the district court properly dismissed Manross's petition for habeas relief for the reasons stated in the magistrate judge's report and recommendation, as adopted by the district court by its order filed January 21, 1991. Accordingly, Manross's motion for appointment for counsel is granted, and the district court's order denying her petition for habeas relief is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles M. Allen, Senior U.S. District Judge for the Western District of Kentucky, sitting by designation