38 F.3d 1215
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 JAMES L. DEAN, Petitioner-Appellant,
v.
DENNIS BAKER, Warden, Respondent-Appellee.
 No. 94-3577.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1994.
 
 Before: KEITH and DAUGHTREY, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 James L. Dean moves for the appointment of counsel on appeal from a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial in the Delaware County, Ohio, Court of Common Pleas in 1991, Dean was convicted of one count of raping a person under 13 years of age and two counts of gross sexual imposition involving his two minor step-daughters. Dean was sentenced to consecutive sentences of life imprisonment, 2 years of imprisonment, and 2 years of imprisonment, respectively. The convictions were affirmed by the Ohio Court of Appeals on direct appeal, and the Ohio Supreme Court overruled a motion for leave to appeal for lack of a substantial constitutional question.
 
 
 3
 Next, Dean filed his petition for a writ of habeas corpus in the district court asserting as grounds for relief: (1) improper admission into evidence of expert testimony at trial; (2) videotape evidence was improperly excluded from evidence at trial; and (3) evidence regarding one instance of the victim's prior sexual conduct was improperly excluded from evidence at trial. Respondent filed a return of the writ, and petitioner filed a reply. The district court dismissed the petition concluding that petitioner did not fairly present his claims for relief to the Ohio courts. On appeal, petitioner contends that he fairly presented his claims to the state appellate courts and that he was deprived of a fair trial by the trial court's erroneous evidentiary rulings. Respondent has notified the court that he does not intend to file a brief on appeal. Upon consideration, we affirm the judgment for reasons somewhat different than those stated by the district court. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 4
 First, the district court properly concluded that petitioner did not fairly present his claims to the Ohio courts. See Franklin v. Rose, 811 F.2d 322, 326 (6th Cir.1987). However, petitioner cannot now present his claims to the Ohio courts in federal constitutional terms because he could have so raised them on direct appeal. See Ohio Rev.Code Sec. 2953.21; State v. Cole, 443 N.E.2d 169, 171 (Ohio 1982); State v. Perry, 226 N.E.2d 104, 105 (Ohio 1967). Therefore, petitioner must show cause and prejudice for his failure to fairly present his claims to the state courts. See Teague v. Lane, 489 U.S. 288, 298-99 (1989); Murray v. Carrier, 477 U.S. 478, 488 (1986); Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir.1991). Petitioner has not made this showing, and no facts which would establish cause and prejudice are otherwise apparent in the record.
 
 
 5
 Finally, this case does not reflect circumstances in which cause and prejudice need not be shown such as where a petitioner is actually innocent or where a miscarriage of justice will otherwise occur. See Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991); Murray, 477 U.S. at 495. Petitioner's claims concern state evidentiary matters which generally do not warrant habeas corpus relief absent the denial of a fundamentally fair trial. See Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988). Further, this court will defer to the determination made by the Ohio Court of Appeals that the trial court acted within its discretion under state law with respect to each of the claims in this case. See Allen v. Morris, 845 F.2d 610, 614 (6th Cir.1988), cert. denied, 488 U.S. 1011 (1989). Accordingly, habeas corpus relief is not warranted under the circumstances of this case.
 
 
 6
 Therefore, the motion for counsel is denied, and the judgment of the district court is affirmed. Rules of the Sixth Circuit.