**Francisco LOPEZ, Petitioner,**

**v.**

**Charles SCULLY, Superintendent, Greenhaven Correctional Facility; Robert Abrams, Attorney General, State of New York; Elizabeth Holtzman, District Attorney, County of Kings, Respondents.**

**No. 89 CV 0886.**

United States District Court,
E.D. New York.

July 21, 1989.

Francisco Lopez, pro se.

Tammy J. Smiley, Asst. Dist. Atty., and Elizabeth Holtzman, Dist. Atty., Kings County, for respondents.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Petitioner, proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the reasons discussed below, the petition is denied.

### FACTS

Petitioner was charged in Kings County Indictment No. 5272/74 with three counts of second degree murder, two counts of second degree burglary, criminal possession of a weapon in the second degree and

third degree grand larceny. On April 13, 1976, petitioner was convicted, following a jury trial, of second degree murder, third degree burglary, criminal possession of a weapon in the third degree and third degree larceny. The jury acquitted petitioner of one of the burglary counts and the trial court, on defendant's motion, dismissed two of the murder counts on the ground that there was insufficient proof of intent.

The evidence presented at trial established that in October 1974, petitioner and one Miguel Soto, unlawfully entered the home of a United States Treasury agent and stole two handguns, ammunition, coins and jewelry. While the burglary was in progress, petitioner and Soto observed police officers approaching the front door of the house. Petitioner and Soto fled to the nearby home of Dominick LaPonte on Second Place in Brooklyn. LaPonte tried to hold petitioner and Soto for the police by using a starter pistol—a gun that cannot shoot bullets. Petitioner fired three fatal shots at LaPonte with a .357 Magnum that he had just stolen from the Treasury agent's home. Petitioner and Soto then fled LaPonte's home but were apprehended by the police after a brief chase.

On June 8, 1976, petitioner was sentenced to concurrent prison terms of twenty years-to-life on the murder count and zero-to-four years on the remaining charges.

On direct appeal, petitioner challenged the jury charge claiming that the trial court should have instructed the jury on two issues: self-defense and whether the felony had terminated prior to the murder. In opposition, the State argued that the latter challenge was not preserved for appellate review. The convictions were unanimously affirmed by the Appellate Division, Second Department on March 26, 1979. *People v. Lopez,* 68 A.D.2d 1019, 414 N.Y. S.2d 948 (2d Dep't 1979). Leave to appeal to the New York Court of Appeals was denied on June 21, 1979. *People v. Lopez,* 47 N.Y.2d 1018, 420 N.Y.S.2d 1034, 394 N.E.2d 302 (1979).

Petitioner then commenced a series of collateral attacks on the convictions. On December 3, 1979, petitioner moved pursuant to N.Y.C.P.L. § 440.10 to vacate his convictions on the ground that the grand jury indictment was jurisdictionally defective. The trial judge denied the motion on December 7, 1979. Petitioner then sought a writ of habeas corpus from the Appellate Division, Second Department, alleging that he had been denied effective assistance of counsel because trial counsel did not object to the trial court's refusal to charge extreme emotional disturbance as an affirmative defense. By order dated March 12, 1981, the Second Department denied the petition.

Petitioner again moved pursuant to §§ 440.10(1)(a), (h) to vacate his conviction alleging that evidence unlawfully seized and a confession unlawfully obtained were admitted into evidence at trial. The trial court denied this motion on June 18, 1981.

A third art. 440 motion was filed on or about January 23, 1984. In this motion, petitioner claimed that the trial court incorrectly charged the jury on the elements of burglary. Petitioner further claimed that he was denied effective assistance of trial counsel because counsel did not object to the charge on this ground. The motion was denied on March 14, 1984. Leave to appeal this decision to the Appellate Division, Second Department, was denied on August 16, 1984.

On January 16, 1985, petitioner sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court (84 CV 4515). In his petition for relief, petitioner argued that the trial court (1) improperly instructed the jury on the elements of burglary; (2) erroneously refused to charge self-defense; and (3) improperly removed the issue of the termination of petitioner's flight from the jury. On June 30, 1986, this Court denied the writ. The Court concluded that petitioner was procedurally barred from challenging the burglary instruction because he failed to raise it on direct appeal and that the remaining claims were without merit. On July 31, 1986, this Court granted petitioner's request for a certificate of probable cause. The Court of Appeals for the

Second Circuit affirmed the decision, with opinion, on June 12, 1987. 823 F.2d 545.

A fourth art. 440 motion was filed on or about September 16, 1987. This motion sought to vacate the convictions on the ground that petitioner received ineffective assistance of counsel because trial counsel failed to move to suppress evidence seized when petitioner was arrested. In response to the motion, the State argued that the claim was procedurally barred because petitioner failed to raise the ground on direct appeal. The State alternatively argued that the claim was without merit because counsel's decision to forgo a suppression hearing was part of an overall trial strategy and because the lawfulness of the seizure had been previously raised and rejected on the merits within the meaning of N.Y.C.P.L. § 440.10(3)(b) in petitioner's second art. 440 motion. The motion was denied on December 2, 1987, without opinion. Leave to appeal this decision to the Appellate Division, Second Department was denied on July 5, 1988.

Petitioner now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising the same ground urged in his last art. 440 motion—that he was denied effective assistance of counsel because trial counsel failed to move to suppress evidence seized at the time he was arrested. Respondents oppose the motion arguing that the petition should be dismissed within the meaning of Rule 9(b) of the Rules Governing § 2254 Cases as an abuse of the writ. Respondents alternatively claim that the writ should be denied because petitioner's failure to raise this issue on direct appeal operates as a procedural bar foreclosing review in this Court.

## DISCUSSION

### I. ABUSE OF THE WRIT

■ Rule 9(b) of the Rules Governing § 2254 Cases provides that "[a] second ... petition may be dismissed if the judge finds that ... new and different grounds are alleged, [and] the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ."

Petitioner claims that this second § 2254 petition is not an abuse of the writ because at the time he filed the first petition, he believed that *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) barred the relief he now seeks. It was not until the Supreme Court issued its opinion in *Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986), that petitioner claims he realized that he could raise this claim in federal court. In *Kimmelman*, the Court concluded that *Stone v. Powell* did not preclude habeas corpus review of ineffective assistance of counsel claims based on trial counsel's failure to move to suppress evidence on fourth amendment grounds.

Based on this explanation, the Court is satisfied that this petition is not designed "to vex, harass, or delay." *Sanders v. United States*, 373 U.S. 1, 18, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963). Accordingly, dismissal pursuant to Rule 9(b) is inappropriate.

### II. PROCEDURAL DEFAULT

■ Respondents argue that the Court cannot reach the merits of this petition because petitioner has procedurally defaulted on the claim in state court. Respondents point out that petitioner failed to raise an ineffective assistance of counsel claim on the direct appeal of his convictions. When petitioner raised the issue collaterally in his fourth art. 440 motion, the State argued, *inter alia*, that his claim was procedurally barred. Citing *Martinez v. Harris*, 675 F.2d 51, 54–55 (2d Cir.), *cert. denied*, 459 U.S. 1024, 103 S.Ct. 392, 74 L.Ed.2d 521 (1982), and *Forman v. Smith*, 633 F.2d 634, 635 (2d Cir.), *cert denied*, 450 U.S. 1001, 101 S.Ct. 1710, 68 L.Ed.2d 204 (1980), respondents maintain that because the trial court denied the art. 440 motion without opinion, this Court must presume that the denial was predicated on procedural grounds.

This term, however, the Supreme Court instructed that "a federal claimant's procedural default precludes federal habeas review, like direct review, only if the last

state court rendering a judgment in the case rests its judgment on the procedural default." *Harris v. Reed*, — U.S. —, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989). The Court found that application of the "plain statement" rule, which requires a clear and unambiguous reliance of procedural default by the state court, provides a straightforward guideline for federal courts to determine whether to reach the merits of a claim. *Id.* Federal habeas corpus review must now be conducted unencumbered by attempts to divine what the state court found dispositive based on the arguments presented for that state court review. *See id.* 109 S.Ct. at 1044. As clarified in *Teague v. Lane*, — U.S. —, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), the *Harris* rule is inapplicable only where the state court was not presented with the claim being reviewed in federal court. *Id.* 109 S.Ct. at 1068.

The "last state court" to consider petitioner's ineffective assistance of counsel claim was the state trial court, which denied petitioner's art. 440 motion without opinion. Although there were ample reasons to conclude that the relief sought in the art. 440 motion was procedurally barred, the court did not " ' "clearly and expressly" ' state[ ] that its judgment rests on [the] state procedural bar." *Harris, supra*, 109 S.Ct. at 1043 (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 327, 105 S.Ct. 2633, 2638, 86 L.Ed.2d 231 (1985) (quoting *Michigan v. Long*, 463 U.S. 1032, 1041, 103 S.Ct. 3469, 3476, 77 L.Ed.2d 1201 (1983))). Thus, petitioner's procedural default cannot operate to preclude federal review of the merits of his claim.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

To establish an ineffective assistance of counsel claim, petitioner must satisfy the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner must show that his counsel's errors fell below an objective standard of reasonableness and that "but for counsel's unprofessional errors, the result of the proceeding would

have been different." *Id.* at 694, 104 S.Ct. at 2068.

As *Strickland* teaches, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697, 104 S.Ct. at 2069.

Petitioner alleges that he was denied effective assistance of counsel because trial counsel did not move to suppress evidence seized at the time of arrest.

At trial, the arresting police officer, Melvin Doby, testified that when he and his partner, James Carroll, both in plainclothes, responded to a call on Second Place, he observed two males running up the block toward him. Tr. at 162. One of the men was carrying a weighted pillow case. *Id.* at 163. Officer Doby got out of the car, identified himself and ordered them to stop. *Id.* Soto stopped and Officer Carroll took custody of him. *Id.* Officer Doby proceeded to chase petitioner for approximately five blocks. *Id.* at 163–64. Officer Doby caught up with petitioner when petitioner squatted behind a car. *Id.* at 166. The officer noticed that petitioner had been shot in the left arm. *Id.* at 176. Upon approaching petitioner, Officer Doby also noticed that he had a "silver looking gun" in his hand. *Id.* at 166–67. When Officer Doby ordered him to drop the gun, petitioner threw it under the car. *Id.* at 167. When Officer Doby went to retrieve the gun, he found two guns under the car. *Id.* Upon inspection, Officer Doby noted that the "silver looking gun," which turned out to be the .357 Magnum stolen earlier, had been fired three times. *Id.* at 170. The other gun was the starter's pistol owned by LaPonte. *Id.* at 197. The officer placed petitioner under arrest and searched his person for weapons. *Id.* at 172. The search revealed that petitioner was carrying a screwdriver. *Id.*

A more thorough search of petitioner's person was conducted later at the 76th Precinct. *Id.* at 177. This search revealed that petitioner was in possession of various items of jewelry, a Smith and Wesson black

holster and United States currency. *Id.* 177–78.

Under the facts presented here, there can be no question that Officer Doby arrested petitioner upon probable cause. *See Brinegar v. United States,* 338 U.S. 160, 175–76, 69 S.Ct. 1302, 1310–11, 93 L.Ed. 1879 (1949); *Carroll v. United States,* 267 U.S. 132, 161, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925). The arrest, therefore, was lawful. Upon a valid arrest, the fourth amendment permits a full search of the arrestee's person, *see United States v. Robinson,* 414 U.S. 218, 224, 94 S.Ct. 467, 471–72, 38 L.Ed.2d 427 (1973), and anything within his immediate "grab area." *See Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

> "[I]t is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction. And the area into which an arrestee might reach in order to grab a weapon or evidentiary items must, of course, be governed by a like rule.... There is ample justification, therefore, for a search of the arrestee's person and the area "within his immediate control" —construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence."

*Id.* at 763, 89 S.Ct. at 2040.

The challenged evidence seized and presented at trial was either on petitioner's person, or within his immediate control. The Court is unable to discern a viable ground for suppression under these facts.

 Having failed to show that a suppression motion would have been successful, petitioner has failed to satisfy the prejudice factor of the *Strickland* test. *See Christian v. McKaskle,* 731 F.2d 1196, 1200–01 (5th Cir.1984); *see also United States v. Ditommaso,* 817 F.2d 201, 215 (2d Cir.1987); *United States v. Aulet,* 618 F.2d 182, 189 (2d Cir.1980). Because petitioner has failed to demonstrate that he was denied effective assistance of counsel, the petition must be denied.

## CONCLUSION

The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must be and hereby is denied.

SO ORDERED.