John HILL, Jr., Petitioner–Appellant,

v.

Norris W. McMACKIN, Supt.
Respondent–Appellee.

No. 88–3684.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 12, 1989.

Decided Dec. 1, 1989.

Harry R. Reinhart, argued, Columbus, Ohio, for petitioner-appellant.

Donald G. Keyser, Asst. Atty. Gen., argued, Office of the Atty. Gen. of Ohio, Columbus, Ohio, for respondent-appellee.

Before JONES and GUY, Circuit Judges, and BERTELSMAN, District Judge.*

RALPH B. GUY, Jr., Circuit Judge.

Petitioner, John Hill, Jr., appeals the district court's dismissal of his petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Hill claims that the court erred in requiring him to show cause and prejudice

to excuse a procedural default occasioned by ineffective assistance of counsel and by negligent *pro se* representation. He also claims that the district court erred in finding that his procedural default in state court bars federal review of his claim. Finally, Hill claims that his due process rights were violated by the prosecution's use of an indictment that was based, in part, on perjured testimony. We conclude that, because of recent changes in the applicable law, the district court should have addressed the merits of petitioner's habeas corpus petition. Accordingly, we reverse the district court's dismissal of the petition and remand the case for consideration on the merits.

Petitioner was indicted and convicted of forcing his minor daughter to engage in sexual intercourse with him. He also coerced her to engage in other sexual conduct with him and to pose for nude photographs. In addition, the petitioner coerced his step-daughter to engage in sexual conduct with him and to pose for nude photographs. At the time of the offense, petitioner's step-daughter was a minor below the age of thirteen.

Hill was indicted on two counts of rape, in violation of Ohio Rev.Code Ann. § 2907.02, and one count of sexual battery, in violation of Ohio Rev.Code Ann. § 2907.03. A jury found him guilty on all counts of the indictment on May 15, 1985, and he was sentenced shortly thereafter.[1] On June 4, 1985, petitioner filed a timely notice of appeal in the Court of Appeals for the Seventh District of Ohio. On June 20, 1986, petitioner's court-appointed counsel, a Columbiana County public defender, filed a motion to withdraw after concluding that the appeal was groundless. Counsel filed a brief in support of his motion to withdraw as counsel of record.[2] On July 7, 1986,

---

* Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1. Petitioner received a term of five to twenty-five years imprisonment, with a minimum of five years of actual imprisonment on the first rape conviction. He received five to twenty-five years imprisonment, to be served consecutively, on the second rape conviction. He also was

sentenced to a two-year definite sentence, to be served consecutively with the rape sentences, on the sexual battery conviction. Thus, his total sentence ranged from a minimum of twelve to a maximum of fifty-two years.

2. The appointed counsel argued that "the appeal ... is frivolous and ... there is no assignment of error which could arguably be supported on appeal," and that "no substantial defect, omis-

petitioner filed a motion in support of his counsel's motion to withdraw. In addition, he requested that no new counsel be appointed to represent him and that his case be decided solely on the basis of his *pro se* brief, which was filed on March 17, 1986.[3]

In his *pro se* brief, petitioner alleged five trial errors. He claimed that he was denied a fundamentally fair trial because his conviction was obtained by the knowing use of false testimony, because the prosecution withheld exculpatory evidence from him, and because the trial court admitted into evidence nude photographs of the victims even though the prejudicial value of the photographs outweighed their probative value. Petitioner also challenged as unconstitutional the unexplained positioning of three deputies who surrounded him in the presence of the jury at trial. Finally, petitioner claimed that his due process rights were violated because he was forced to stand trial for offenses that allegedly took place at broadly specified intervals.

On March 31, 1987, the Court of Appeals for the Seventh District affirmed petitioner's convictions. On July 1, 1987, petitioner filed an "APPLICATION FOR DELAYED APPEAL" to the Ohio Supreme Court. In that filing, petitioner indicated that, if he was permitted to appeal, he would raise the previously noted assignments of error plus ineffective assistance of appellate counsel. On September 2, 1987, the Ohio Supreme Court summarily denied Hill's motion for a delayed appeal.

Prior to the present petition, Smith became frustrated with the progress of his case in the state court system. Therefore, on December 3, 1986, he sought a writ of mandamus in the Ohio Supreme Court to compel a decision from the court of appeals. When the supreme court took no prompt action, Hill, on February 27, 1987, filed a petition for a writ of habeas corpus in federal district court, pursuant to 28 U.S.C. § 2254. On June 17, 1987, by which time the state appellate court had affirmed his conviction, Hill's habeas corpus petition was dismissed without prejudice for lack of exhaustion. On September 30, 1987, after having exhausted his state remedies, he filed another petition for a writ of habeas corpus in federal district court. He alleged that his constitutional rights were violated by the use of perjured testimony; prosecutorial misconduct involving the withholding of exculpatory evidence; and that he was denied a fair trial, impartial jury, due process, and the effective assistance of counsel on direct appeal. The government argued that petitioner failed to exhaust his claim of ineffective assistance of counsel and that his other claims were time barred due to a procedural default occasioned by petitioner's tardy motion for leave to appeal before the supreme court.

On January 27, 1988, the United States magistrate found that petitioner's tardy appeal (of the state court of appeals' decision) to the Ohio Supreme Court constituted a procedural default. Accordingly, the magistrate ordered petitioner to show cause for and prejudice resulting from the default. On May 4, 1988, finding no cause or prejudice, the magistrate recommended that Hill's petition be dismissed. On June 24, 1988, after reviewing the entire record *de novo*, the district court adopted the magistrate's report and recommendation and dismissed the petition. This timely appeal followed.[4]

### I.

Of the various issues raised in petitioner's appeal, we begin with the dispositive one. The district court did not reach the merits of Hill's petition because it determined that the Ohio Supreme Court disposed of the case on the basis of a procedural default for which Hill established no cause or prejudice that otherwise would excuse the default. *See Wainwright v.*

---

sion, or irregularity occurred at any stage of the proceeding."

**3.** The state did not file a brief opposing petitioner's *pro se* appellate brief.

**4.** Petitioner remained unrepresented by counsel from the time his appointed counsel withdrew until July 21, 1988, when petitioner retained counsel to file his appeal and an application for a certificate of probable cause in the district court and in this court.

*Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *see also Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1985). As noted, the procedural default is Hill's tardy appeal of the state appellate court's judgment affirming his conviction.[5] Although the parties do not dispute the tardiness of the appeal giving rise to the procedural default, they disagree as to the basis for the Ohio Supreme Court's denial of Hill's delayed motion for leave to appeal. In denying the leave, the supreme court issued a one-page order, which reads, in pertinent part, as follows:

> This cause is pending before the Court on the filing of a motion for leave to appeal from the Court of Appeals for Columbiana County and as an appeal as of right from same said Court. Upon consideration of appellant's motion for leave to file delayed appeal,
>
> IT IS ORDERED by the Court that said motion be, and the same is hereby, denied.

The parties agree that the Ohio Supreme Court did not specify whether its decision was substantively or procedurally grounded. The basis for the court's decision, however, is pivotal to determining whether Hill exhausted his state remedies with respect to his habeas petition. If the state court's decision is substantively grounded, he did exhaust his remedies. If the decision is procedurally grounded, he did not exhaust them.

The magistrate and the district court were persuaded by the government's argument that the absence in the court's order of customary language indicating that the court was relying on substantive grounds to deny leave to appeal effectively rendered the order one based substantially on procedural grounds. *See Gilbert v. Parke,* 763 F.2d 821 (6th Cir.1985). Accordingly, the court proceeded to consider whether cause

and prejudice excused the procedural default so as to permit the court to consider the merits of Hill's petition. *See Wainwright,* 433 U.S. 72, 97 S.Ct. 2497. Finding no cause or prejudice, the court dismissed the petition.

The district court's opinion in this case was filed on June 24, 1988. Since that time, the United States Supreme Court has decided *Harris v. Reed,* —— U.S. ——, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). In that case, the Court extended the "'plain statement'" rule of *Michigan v. Long,* 463 U.S. 1032, 1042, n. 7, 103 S.Ct. 3469, 3477, n. 7, 77 L.Ed.2d 1201 (1983),[6] to cases on federal habeas review and determined that:

> [A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case "'clearly and expressly'" states that its judgment rests on a state procedural bar.

109 S.Ct. at 1043 (quoting *Caldwell v. Mississippi,* 472 U.S. 320, 327, 105 S.Ct. 2633, 2638, 86 L.Ed.2d 231 (1985), quoting *Michigan v. Long,* 463 U.S. 1032, 1041, 103 S.Ct. 3469, 3476–77, 77 L.Ed.2d 1201 (1983)). The Court expressly declined to adopt a presumption that a state court's judgment that is ambiguous as to its basis rests on procedural grounds.

Although the parties did not address the question whether the rule announced in *Harris* may be applied retroactively, we find ourselves compelled to do so in light of the Supreme Court's recent decision in *Teague v. Lane,* —— U.S. ——, 109 S.Ct. 1060, 103 L.Ed.2d 334, *reh'g denied,* —— U.S. ——, 109 S.Ct. 1771, 104 L.Ed.2d 206 (1989). *Teague* held that, with two exceptions, new rules generally may not be applied retroactively to cases on collateral review. However, *Teague* does not bar retroactive application of rules when the

---

5. The state appellate court's decision was filed on March 31, 1987. Hill did not file his motion for leave to appeal this decision until July 1, 1987, which is beyond the thirty-day period established for such appeals. Ohio S.Ct.R. I § 1(A).

6. Under *Long,* if it is fairly apparent that a state court's decision is based primarily on federal law, the federal question is reviewable absent a "'plain statement'" in the state court's opinion that its decision is based upon "adequate and independent state grounds." 463 U.S. at 1042, 103 S.Ct. at 3477.

case does not announce a *new* rule. According to *Teague*, "a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Id.* 109 S.Ct. at 1070.

We hold that the rule announced in *Harris* is not a "new rule" within the meaning of *Teague*. The Court in *Harris* merely extended the *Long* " 'plain statement' " rule to the habeas setting. The rule the Court announced was not "new"; rather, it was dictated by the precedent of *Long* and *Caldwell:*

> Although *Long* and *Caldwell* arose on direct review, the principles underlying those decisions are not limited to direct review. Indeed, our opinion in *Caldwell* relied heavily upon our earlier application of the adequate and independent state ground doctrine to habeas review in *Ulster County Court v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979) ]. *Caldwell* thus indicates that the problem of ambiguous state-court references to state law, which led to the adoption of the *Long* "plain statement" rule, is common to both direct and habeas review. Faced with a common problem, we adopt a common solution. . . .

*Harris*, —— U.S. at ——, 109 S.Ct. at 1043 (citation omitted). The Court merely clarified the application of *Long* to habeas corpus cases; the rule was the application of established principles to a new setting. No "new" rule was announced. Therefore, we conclude that *Harris* should be applied retroactively.[7]

*Harris* persuades us that the district court erred in construing the Ohio Supreme Court's ambiguous order denying leave to appeal as procedurally rather than substantively grounded. Given that the Ohio Supreme Court did not clearly and expressly

state that its ruling was based on a state procedural bar, the procedural default in this case did not bar consideration of Hill's federal claims on habeas review. For these reasons, the district court should not have dismissed the petition on exhaustion grounds.

## II.

▇ In his petition for habeas corpus, Hill raises several issues that should be considered by the district court on remand. Among those issues is Hill's claim that his constitutional rights were violated as a consequence of ineffective assistance of appellate counsel.[8] More specifically, Hill contends that the withdrawal of his appellate counsel did not comport with the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). *Anders* sets forth the procedures to be employed when appointed counsel believes an appeal lacks merit and wishes to withdraw from representation. Among those procedures is the requirement for counsel to provide the court and the defendant with a brief identifying anything in the record that arguably supports the appeal. *See also Penson v. Ohio*, —— U.S. ——, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

In *Freels v. Hills*, 843 F.2d 958 (6th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 567, 102 L.Ed.2d 591 (1988), we concluded that a deficient brief contributed to a defendant's appellate counsel's failure to represent defendant in accordance with the requirements of *Anders*. We found that the closest counsel's brief came to advocacy was his unsupported representation that his review of the docket and transcript disclosed no prejudicial error. *Id.* at 962. We also recognized, however, that noncompliance

---

7. Our decision to apply *Harris v. Reed* retroactively is supported further by the fact that other courts have applied the *Harris* rule in cases despite the fact that the case post-dated the conviction that was on review. *See Nieto v. Sullivan*, 879 F.2d 743 (10th Cir.1989); *Lopez v. Scully*, 716 F.Supp. 736 (E.D.N.Y.1989). In addition, *Teague* itself cites *Harris* in determining how to approach the precise issue presented in *Teague.*

8. We note that petitioner's ineffective assistance of counsel claim is necessarily limited to his first appeal as of right from his conviction. As we noted in *Freels v. Hills*, 843 F.2d 958, 960 (6th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 567, 102 L.Ed.2d 591 (1988), the "right to counsel is limited to the first appeal as of right" (citing *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974)).

with *Anders* will not require reversal in all cases. *See, e.g., Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (counsel's unreasonable error in criminal proceeding does not upset judgment when error did not affect judgment). We leave to the district court the task of determining the extent to which petitioner's appellate counsel's brief in the instant case comported with the requirements of *Anders*.

### III.

Hill's final claim is that he was forced to stand trial based on an indictment that the government knew was based substantially on perjured testimony. The record reveals that Megan Grier, one of the victims, testified before the grand jury that she was forced at gunpoint to submit to her father's sexual demands. After petitioner was indicted, but before his trial began, Megan sought to recant the portion of her testimony regarding the use of a gun. At trial, Megan did recant her testimony and admitted that she had lied about her father's use of a gun. Accordingly, the jury was apprised fully about the false testimony before the grand jury. Hill claims that the government was obliged to reindict him rather than to proceed to trial. He further claims that the proceeding here violated his due process rights and compels us to forego remand, to consider the merits of his claim, and to order issuance of the writ. We have decided to remand Hill's petition to the district court for consideration, in the first instance, of the merits of *all* of his claims, and we decline the invitation to consider for the first time on appeal whether the prosecutor's use of perjured testimony before the grand jury was sufficiently egregious to have deprived Hill of fundamental fairness at trial and to compel habeas relief.

The district court's order is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.