908 F.2d 973
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fred KNOX, Petitioner-Appellant,
v.
Terry L. MORRIS, Supt., Respondent-Appellee.
 No. 89-3731.
 United States Court of Appeals, Sixth Circuit.
 July 30, 1990.
 
 Before KRUPANSKY, DAVID A. NELSON and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Fred Knox is a pro se Ohio prisoner who appeals the denial of a habeas corpus petition that he had filed under 28 U.S.C. Sec. 2254. His case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel concludes that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In his petition, Knox alleged 1) that he had not made a valid waiver of his right to testify at trial, 2) that the admission of certain testimony violated an Ohio evidentiary rule, 3) that his indictment did not support a sentence of incarceration, and 4) that he did not receive effective assistance of counsel. On July 10, 1989, the district court entered a memorandum opinion and order that adopted a magistrate's recommendation and denied the petition. Knox has abandoned his third and fourth arguments on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). However, he still argues that he did not waive his right to testify and that an evidentiary error rendered his trial fundamentally unfair.
 
 
 3
 Knox raised these arguments in a motion for leave to file a supplemental brief in the Ohio Court of Appeals. However, that court affirmed without reaching a decision on his motion. Knox then raised both arguments in a motion for further review by the Ohio Supreme Court. The full text of the order that denied his motion is set out as follows: "Upon consideration of the motion for leave to appeal from the Court of Appeals for Cuyahoga County, it is ordered by the Court that said motion is overruled."
 
 
 4
 Based on this procedural history, the district court found that Knox had not exhausted his arguments because of a procedural default in the state courts. However, the district court did not have the benefit of this court's recent opinion in Hill v. McMackin, 893 F.2d 810, 814 (6th Cir.1989), which established the retroactive application of Harris v. Reed, 109 S.Ct. 1038 (1989). Under Harris and Hill, it is now clear that the possibility of a procedural default will not prevent federal habeas review if the last state court to consider the issue has not "clearly and expressly" stated that its decision was based on a state procedural bar. Harris, 109 S.Ct. at 1043; Hill, 893 F.2d at 814.
 
 
 5
 The respondent maintains that the Ohio Supreme Court's reliance on a procedural default can be presumed because that was the only argument raised in opposition to Knox's relevant claims. However, a similar argument was apparently considered and rejected by the United States Supreme Court in Harris. 109 S.Ct. at 1041 n. 4 and 1044. The respondent also argues that Knox's current arguments were not fairly presented to the state courts. However, the procedural facts in the instant case are very similar to those in Hill, and the holding in Hill is dispositive of the exhaustion question here.
 
 
 6
 However, this conclusion does not require a remand because the district court correctly decided that Knox's arguments were substantively without merit. It was not incumbent upon the trial court to advise Knox of his right to testify or to establish his waiver of that right on the record. See United States v. Martinez, 883 F.2d 750, 757-61 (9th Cir.1989). It is also clear that Knox was not denied a fair trial because there was undisputed and overwhelming evidence of his guilt. Cf. Davis v. Jabe, 824 F.2d 483, 487-88 (6th Cir.), cert. denied, 484 U.S. 988 (1987); State v. Walker, 55 Ohio St.2d 208, 215-16, 378 N.E.2d 1049, 1053-54 (1978), cert. denied, 441 U.S. 924 (1979).
 
 
 7
 For these reasons, the judgment of the district court is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.