909 F.2d 1483
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nathan Vernon GILLENWATER, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 89-6239.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1990.
 
 VACATED AND REMANDED.
 
 ORDER
 
 1
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and JORDAN, District Judge.*
 
 
 2
 Nathan Vernon Gillenwater, a pro se Kentucky prisoner, appeals the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1980, Gillenwater pleaded guilty to murder and was sentenced to life imprisonment. In 1981, Gillenwater filed a motion for post-conviction relief pursuant to Ky.R.Crim.P. 11.42, which the trial court denied. He did not appeal the ruling. Thereafter, in 1987, Gillenwater filed his second Rule 11.42 motion. The trial court denied the motion finding that it did not present any issues different from those asserted in the first Rule 11.42 motion. The Kentucky Court of Appeals affirmed the judgment on procedural grounds finding that review of the claims was barred because Gillenwater could have raised the issues in his first Rule 11.42 motion. The Kentucky Supreme Court denied discretionary review.
 
 
 4
 Gillenwater then filed his habeas petition alleging: (1) his plea was involuntary because he was not advised of his constitutional rights; (2) he received ineffective assistance of counsel; (3) the plea was involuntary because he was on mind-altering drugs at the time he entered his plea; and (4) the trial court did not hold a hearing to determine if he could distinguish right from wrong at the time of the offense. Utilizing a cause and prejudice analysis, the magistrate recommended that the petition be denied finding that Gillenwater had waived review of the claims because he did not present them to the Kentucky courts in his first Rule 11.42 motion. The magistrate also found that the case did not present any exceptional circumstances to exempt the application of the cause and prejudice requirement. The district court adopted the magistrate's recommendation over Gillenwater's objections.
 
 
 5
 On appeal, Gillenwater reasserts his claims, requests the appointment of counsel and argues that the district court erred in applying a cause and prejudice analysis in this case.
 
 
 6
 Upon review, we shall vacate the district court's judgment and remand the case for further proceedings. The district court erred in utilizing a cause and prejudice analysis in this case because the Kentucky Supreme Court, in denying discretionary review of petitioner's second Rule 11.42 motion, did not clearly and expressly base its ruling upon Gillenwater's procedural default. See Harris v. Reed, 109 S.Ct. 1038, 1043 (1989); Hill v. McMackin, 893 F.2d 810, 813-14 (6th Cir.1989). Consequently, the district court should address the merits of the action because Gillenwater's procedural default does not bar consideration of his federal claims on habeas review.
 
 
 7
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby vacated and the case remanded pursuant to Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Leon Jordan, U.S. District Judge for the Eastern District of Tennessee, sitting by designation