933 F.2d 1007
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Benjamin ACOSTA, Petitioner-Appellant,
v.
John JABE, Respondent-Appellee.
 No. 90-2082.
 United States Court of Appeals, Sixth Circuit.
 May 22, 1991.
 
 Before RALPH B. GUY, Jr. and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Benjamin Acosta, a pro se Michigan prisoner, appeals the district court's order dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1985, a jury convicted Acosta of involuntary manslaughter. He was sentenced to nine to fifteen years imprisonment. The Michigan Court of Appeals affirmed Acosta's conviction, although it recommended review of one issue pursuant to a motion for a new trial. The Michigan Supreme Court denied Acosta's application for leave to appeal as untimely.
 
 
 3
 Acosta then filed a motion for a new trial. The trial court determined that it lacked jurisdiction over several of the issues and held the other issue to be meritless. The Michigan Court of Appeals denied Acosta's application for leave to appeal on jurisdictional grounds. The Michigan Supreme Court also denied leave to appeal, because it was not persuaded that the question presented should be reviewed by that court.
 
 
 4
 Acosta then filed another motion for a new trial, which was denied by the trial court. The Michigan Court of Appeals again denied leave to appeal as the grounds raised were meritless. The Michigan Supreme Court denied the application for leave to appeal as untimely.
 
 
 5
 Acosta then filed the present petition for a writ of habeas corpus. In essence, Acosta alleged ineffective assistance of counsel due to: (1) counsel's failure to obtain an accident reconstruction expert witness; (2) counsel's failure to properly investigate the case and obtain the services of a private investigator; and (3) counsel's admission in closing argument that Acosta was driving the vehicle that struck the victim.
 
 
 6
 The district court determined that a state procedural bar prevented federal habeas review of Acosta's claims because Acosta had failed to establish cause and prejudice for his failure to comply with the state procedural rules. The court then dismissed the case. Acosta subsequently filed a timely appeal. On appeal, Acosta has filed a motion requesting a return to his former facility.
 
 
 7
 Upon review, we conclude that the district court properly dismissed Acosta's third issue concerning counsel's closing argument. A state procedural bar precludes federal review of Acosta's claim because he has failed to establish cause and prejudice for not complying with the state procedural rule. Harris v. Reed, 489 U.S. 255, 262 (1989).
 
 
 8
 However, we further conclude that the district court improperly determined that a state procedural bar precludes habeas review of Acosta's other issues. As the last order entered by the Michigan Supreme Court on Acosta's first motion for a new trial did not expressly rely on a procedural bar, federal habeas corpus review is not barred. See Johnson v. Burke, 903 F.2d 1056, 1060 (6th Cir.), cert. denied, 111 S.Ct. 178 (1990); Hill v. McMackin, 893 F.2d 810, 813-814 (6th Cir.1989).
 
 
 9
 As Acosta has discussed the merits of his claims in his appellate brief, we have reviewed those claims and affirm the judgment of dismissal for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990).
 
 
 10
 Acosta was not denied a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990). Acosta has failed to establish that he received ineffective assistance of counsel as he has not shown that his counsel's performance was deficient nor that the alleged deficient performance prejudiced his defense so as to render the trial unfair and the result unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 11
 Acosta has also raised for the first time on appeal two issues concerning the ineffective assistance of appellate counsel. As these issues were not raised in the district court and no exceptional circumstances are present, we will not address the issues for the first time on appeal. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 12
 Lastly, Acosta has filed a motion requesting that the respondents return him to his former facility. Acosta alleges that the respondent transferred him in violation of Fed.R.App.P. 23(a). However, transfers made in violation of that rule do not divest a court of jurisdiction. Cohen v. United States, 593 F.2d 766, 767 n. 2 (6th Cir.1979). Therefore, it is unnecessary to return Acosta to his former facility.
 
 
 13
 Accordingly, for these reasons, we deny Acosta's motion and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.