**Keith ABSHEAR, Petitioner,**

v.

**Ernie MOORE, Warden, Respondent.**

**No. 3:05–CV–258.**

United States District Court,
S.D. Ohio,
Western Division,
at Dayton.

March 3, 2008.

Andrew P. Avellano, Andrew P. Avellano, LLC, Columbus, OH, for Petitioner.

Steven Harry Eckstein, Thelma Thomas Price, Ohio Attorney General's Office, Columbus, OH, for Respondent.

**ENTRY AND ORDER OVERRULING KEITH ABSHEAR'S OBJECTIONS (Doc. # 17) TO CHIEF MAGISTRATE JUDGE MICHAEL R. MERZ'S REPORT AND RECOMMENDATIONS (Doc. # 15); OVERRULING KEITH ABSHEAR'S OBJECTIONS (Doc. # 26) TO CHIEF MAGISTRATE JUDGE MICHAEL R. MERZ'S SUPPLEMENTAL REPORT AND RECOMMENDATIONS (Doc. # 23); ADOPTING CHIEF MAGISTRATE JUDGE MERZ'S REPORT AND RECOMMENDATIONS AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS IN THEIR ENTIRETY AND TERMINATING THIS CASE**

THOMAS M. ROSE, District Judge.

This matter is before the Court pursuant to Petitioner Keith Abshear's ("Abshear's") Objections to the Report and Recommendations and to the Supplemental Report and Recommendations of Chief Magistrate Judge Michael R. Merz. The Report and Recommendations was filed on December 26, 2006, and Abshear's Objections thereto were filed on February 15, 2007. The Supplemental Report and Recommendations was filed on August 28, 2007, and Abshear's Objections thereto were filed on November 16, 2007. Both the Report and Recommendations and the Supplemental Report and Recommendations address Abshear's Petition for a Writ of Habeas Corpus.

The Report and Recommendations finds that Abshear procedurally defaulted in presenting each of his Grounds for Relief to the state courts, those defaults were held against him by the state courts, and he is unable to excuse the defaults. (Doc. # 15.) Abshear objected to the Report and Recommendations (doc. # 17) and the Warden responded (doc. # 18). Abshear's objections to the Report and Recommendations were then argued orally on March 26, 2007, at Abshear's request.

The Chief Magistrate Judge then issued the Supplemental Report and Recommendations (doc. # 23) to which Abshear objected (doc. # 24). The Warden did not file objections to the Supplemental Report and Recommendations and did not file a response to Abshear's Objections. The Supplemental Report and Recommendations addresses each of Abshear's objections to the Report and Recommendations and reaches the same conclusion as the Report and Recommendations regarding procedural default.

As required by 28 U.S.C. § 636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. Upon said review, the Court finds that Abshear's objections to the Chief Magistrate Judge's Report and Recommendations and Abshear's objections to the Chief Magistrate Judge's Supplemental Report and Recommendations are not well-taken, and they are hereby OVERRULED. The Chief Magistrate Judge's Report and Rec-

ommendations and Supplemental Report and Recommendations are ADOPTED in their entirety. Abshear's Petition for a Writ of Habeas Corpus is DISMISSED WITH PREJUDICE as barred by procedural default.

A decision on a Certificate of Appealability awaits a request therefore. The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED.**

## REPORT AND RECOMMENDATIONS

MICHAEL R. MERZ, United States Chief Magistrate Judge.

Petitioner, with the assistance of counsel, brought this habeas corpus action to obtain relief from a seventeen-year sentence imposed by the Clark County Common Pleas Court on Petitioner's conviction on one count of kidnaping, one count of fleeing and eluding, and one count of felonious assault. Petitioner raises the following grounds for relief:

**Ground One:** Denial of due process under the 5th and 14th amendments by state's failure to enforce its own statutory procedures in giving a first-time offender non-minimum sentences, and in giving a maximum sentence as required and prohibited by law, respectively.

**Supporting Facts:** State statutory schemes require giving a first time offender minimum sentences, unless certain findings are made by the trial court. Said findings were not present, and were not made "on the record" as required under the Ohio Supreme Court case law.

**Ground Two:** Denial of due process under the 5th and 14th amendments, due to the state's failure to enforce its own statutory procedures in giving consecutive sentences and when the prosecution conceded error on said issue.

**Supporting Facts:** Petitioner was a first time offender at age 59. He had no prior record of any kind. He was a 30 + year retiree from Navistar, Inc. State statutory schemes require that certain factors be present and found and stated on the record by the trial court during sentencing in order to justify giving consecutive sentences. Said factors were not present, and the prosecutor conceded error on the issue of the trial court's failure to make send findings on the record, yet the state Court of Appeals sustained the trial court's sentences.

**Ground Three:** Denial of due process under the 5th, 6th, and 14th amendments, as the sentencing court made findings, exclusive to the providence [sic] of the jury, to give more than statutory minimum sentences to a first-time offender and to give consecutive sentences.

**Supporting Facts:** State statutory schemes require that a first time offender receive a minimum sentence and that a defendant not receive consecutive sentences, unless certain "aggravating" factors are found by the trial court judge. Petitioner is a first-time offender, yet he received non-minimum and maximum sentences that will run consecutively. Not only did the trial court fail to make the necessary findings on the record to justify such sentences, such as sentence and sentencing scheme are in direct conflict with United States Supreme Court case law precedent.

(Petition, Doc. No. 1, at 6–9.)

On the Court's order, Respondent has filed an answer (Doc. No. 11).

The facts giving rise to this case, as summarized by the Court of Appeals for Clark County, Ohio, are as follows:

[*P1] On April 29, 2002, the Defendant, Keith Abshear, was indicted on charges of aggravated burglary, rape, felonious

assault, kidnapping [sic], fleeing and eluding, and two counts of domestic violence. These charges arose from an incident wherein the Defendant broke into the home of his ex-wife, bound her hands in tape and forced her to engage in sexual intercourse. Shortly thereafter, the victim escaped and fled from the Defendant in her car. The Defendant gave chase and eventually ran the victim's car off of the road. The Defendant then forced the victim into his car and drove off with her. The police were notified of the abduction by a passerby. The police located the Defendant's vehicle and a lengthy chase ensued, finally culminating when the police disabled the Defendant's vehicle.

[*P2] On May 16, 2002, the Defendant entered a plea of not guilty on all counts of the indictment. On January 10, 2003, the Defendant withdrew his not guilty plea and entered negotiated pleas of guilty. In exchange for the Defendant's guilty plea to the crimes of felonious assault, R.C. 2903.11, kidnapping, R.C. 2905.01, and fleeing and eluding, R.C. 2921.331(B), the State agreed to dismiss the remaining charges in the indictment.

[*P3] A sentencing hearing was held on February 7, 2003. The trial court heard testimony from the Defendant's psychologist, heard a lengthy statement from the victim, and heard a statement from the Defendant. After hearing all of the testimony and statements, the trial court imposed a sentence of four years on the felonious assault charge, eight years on the kidnapping charge, and five years on the fleeing and eluding charge. The trial court ordered all three sentences to be served consecutively, for a total of seventeen years.

(Quoted at Doc. No. 11, 4–5.)

### Procedural History

Defendant was indicted on a number of charges arising from the above facts. He negotiated a guilty plea to three counts, but was sentenced to more time than he expected and the prosecutor had recommended. He then appealed, raising one assignment of error: "Because the trial court did not state its reasons for imposing consecutive sentences, the defendant's sentence is contrary to the law and constitutes an abuse of discretion." (Brief, Ex. 4 to Doc. No. 11.) That assignment was amended in his Reply Brief to read "Because the trial court's findings were not aligned to its decision to impose consecutive sentences, the consecutive sentences are contrary to law." *Id.* at Ex. 6. Finally, in a supplemental brief, Petitioner pled an additional assignment of error: "The trial court erred in imposing a sentence in excess of the minimum on a first time offender without making the findings required by R.C. 2929.14(B)." *Id.* at Ex. 7.

The Court of Appeals affirmed the conviction and sentence. Petitioner then sought review in the Ohio Supreme Court, pleading one proposition of law:

> If a trial court chooses to impose consecutive sentences pursuant to R.C. 2929.14(E), it must first make the statutorily enumerated findings and give reason supporting those findings at the sentencing hearing. The trial court must clearly align each reason with the specific finding in order to support its decision to impose consecutive sentences.

*Id.* at Ex. 10. The Ohio Supreme Court declined to exercise jurisdiction. *Id.* at Ex. 12.

After filing his Petition in this Court, Mr. Abshear sought and received a stay of these proceedings to pursue an application for delayed reopening in the Ohio Court of Appeals to raise a claim of ineffective assistance of appellate counsel (Doc. Nos.4, 5). In that Application, he asserted his appellate counsel was ineffective for failing to raise the following assignment of error:

Applicant was denied effective assistance of appellate counsel, as prior counsel failed to raise the issues of R.C. 2929.14(B) & (C) being unconstitutional, as the imposition of non-minimum sentences on a first-time offender, consecutive sentences and the giving a maximum sentence, based on facts not proven to a jury beyond a reasonable doubt, are violations of the 5th and 6th Amendments to the United States Constitution and Article 1, Section 10 of the Ohio Constitution.

*Id.*, Ex. 13. The Court of Appeals denied the Application as untimely and the Ohio Supreme Court declined to hear an appeal. *Id.* at Exs. 14, 17.

### Procedural Default

Respondent asserts that all three of Petitioner's claims are procedurally defaulted in various ways.

■ The standard for evaluating a procedural default defense is as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson,* 501 U.S. 722, 749, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *see also Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir.2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Absent cause and

prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million,* 201 F.3d 711, 716 (6th Cir.2000); *Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Wainwright replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

■ Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir.1999); *Rust v. Zent,* 17 F.3d 155 (6th Cir.1994); *Leroy v. Marshall,* 757 F.2d 94 (6th Cir.1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Reynolds v. Berry,* 146 F.3d 345, 347–48 (6th Cir.1998), citing *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir.1986); *accord Lott v. Coyle,* 261 F.3d 594 (6th Cir.2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen,* 442

U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,* 785 F.2d, at 138.

### Federal Claims Must Be Fairly Presented to the State Courts

██ Respondent argues first that none of Petitioner's claims are preserved for federal habeas review because none were fairly presented to the state courts as federal constitutional claims (Answer, Doc. No. 11, at 8–13).

In determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, we consider whether: 1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; 2) the petitioner relied upon federal cases employing the constitutional analysis in question; 3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or 4) the petitioner alleged "facts well within the mainstream of [the pertinent] constitutional law."

*Hicks v. Straub,* 377 F.3d 538, 552–53 (6th Cir.2004), citing *McMeans v. Brigano,* 228 F.3d 674, 681. *See also Fulcher v. Motley,* 444 F.3d 791 (6th Cir.2006); *Newton v. Million,* 349 F.3d 873, 877 (6th Cir.2003)(citing the wrong cases in support of a particularized constitutional claim is not a basis for default); *Franklin v. Rose,* 811 F.2d 322 (6th Cir.1987), *citing Daye v. Attorney General,* 696 F.2d 186 (2nd Cir. 1982); *accord, McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir.2000). The claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation. *Levine v. Torvik,* 986 F.2d 1506 (6th Cir.1993); *Riggins v. McMackin,* 935 F.2d 790 (6th Cir.1991). Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Franklin v. Rose,* 811 F.2d 322 at 326 (6th Cir.1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe,* 735 F.2d 684, 688–89 (2nd Cir.1984).

██ If a petitioner's claims in federal habeas rest on different theories than those presented to the state courts, they are procedurally defaulted. *Lorraine v. Coyle,* 291 F.3d 416 (6th Cir.2002), *citing Wong v. Money,* 142 F.3d 313, 322 (6th Cir.1998); *Lott v. Coyle,* 261 F.3d 594, 607, 619 (6th Cir.2001)("relatedness" of a claim will not save it).

██ A state prisoner ordinarily does not "fairly present" a federal claim to a state court if that court must read beyond a petition, a brief, or similar papers to find material that will alert it to the presence of such a claim. *Baldwin v. Reese,* 541 U.S. 27, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004).

██ A petitioner fairly presents a federal habeas claim to the state courts only if he "asserted both the factual and legal basis for his claim". *Hicks v. Straub,* 377 F.3d 538, (6th Cir.2004), citing *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000); and *Picard v. Connor,* 404 U.S. 270, 276, 277–78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

In further specifying the *Daye* standards, the Seventh Circuit has held that both the operative facts and the controlling legal principles must be presented to the state court. *Verdin v. O'Leary*, 972 F.2d 1467 (7th Cir.1992), citing *Picard v. Connor*, 404 U.S. 270, 277, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), and *Tamapua v. Shimoda*, 796 F.2d 261 (9th Cir.1986)(Kozinski, J.).

■ In his first brief on appeal, Petitioner argued that "Because the trial court did not state its reasons for imposing consecutive sentences, the defendant's sentence is contrary to the law and constitutes an abuse of discretion." (Brief, Ex. 4 to Doc. No. 11, at iii.) Only one case citation was offered, *State v. Comer*, 99 Ohio St.3d 463, 793 N.E.2d 473 (2003). In *Comer* the Ohio Supreme Court held that consecutive sentences must, under Ohio Revised Code § 2929.14(E)(4), be based on record findings. The opinion is solely one of statutory construction; there is no hint that the Ohio Supreme Court believes its conclusion is in any way compelled by the United States Constitution. In his Reply Brief (*Id.* Ex. 6), Petitioner merely re-cited *Comer* and two unreported Second District Court of Appeals cases to the same effect which merely construed the statute and made no constitutional analysis.

Finally, in his Supplemental Brief in the Court of Appeals, Petitioner added as an assignment of error: "The trial court erred in imposing a sentence in excess of the minimum on a first time offender without making the findings required by R.C. 2929.14(B)." (Doc. No. 11, Ex. 7, passim.) The sole cited authority is *State v. Ridenour*, 2004 WL 41713, 2004 Ohio App. Lexis 74 (Ohio App. 2nd Dist. January 9, 2004), which is asserted to support the proposition that "if a maximum sentence improperly [sic; should read 'is properly'] imposed, a rejection of a minimum sentence

is inherent in the findings used to justify the maximum sentence."

Petitioner contends that all three of his Grounds for Relief were properly presented to the Ohio courts in that he "federalized" his claims by citing *State v. Ridenour* which he says "in turn was supported by arguments involving due process under the 5th and 14th Amendments to the U.S. Constitution, for failure of a state to properly apply its own sentencing statutes." (Reply, 14, at 2).

The Court disagrees. While Ridenour's second assignment of error referred in conclusory terms to the Fourteenth Amendment, the Second District Court of Appeals made no constitutional decision in *Ridenour*, but only a statutory construction decision. It could hardly have understood when its *Ridenour* decision was cited in this case that it was being asked to decide a federal constitutional question. *See Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004).

The Court therefore concludes that the Petitioner failed to fairly present his habeas corpus claims to the state courts.

Having failed originally to present his claims as grounded in federal constitutional law, Petitioner cannot now return to the Ohio courts to do so. Under the Ohio doctrine of *res judicata* in criminal cases,

7. Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21 et seq., Revised Code, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him....

9. Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented

by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial,* which resulted in that judgment of conviction *or on an appeal* from that judgment.

Syllabus in *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967)(emphasis *sic.*). *See also State v. Cole,* 2 Ohio St.3d 112, 443 N.E.2d 169, 170 (1982); *State v. Duling,* 21 Ohio St.2d 13, 254 N.E.2d 670 (1970).

 Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), is an adequate and independent state ground. *Buell v. Mitchell,* 274 F.3d 337 (6th Cir.2001); *Coleman v. Mitchell,* 268 F.3d 417 (6th Cir.2001); *Byrd v. Collins,* 209 F.3d 486, 521–22 (6th Cir.2000), *cert. denied* 531 U.S. 1082, 121 S.Ct. 786, 148 L.Ed.2d 682 (2001); *Rust v. Zent,* 17 F.3d 155, 160–61 (6th Cir.1994); *Van Hook v. Anderson,* 127 F.Supp.2d 899 (S.D.Ohio 2001).

Thus the State has established Petitioner's procedural default of failing fairly to present these claims to the state courts. Petitioner attempts to excuse those defaults by establishing cause and prejudice consisting of the ineffective assistance of his appellate counsel in failing to raise these claims under federal constitutional law (Application for Delayed Reopening, Ex. 13 to Doc. No. 11).

 A criminal defendant is of course entitled to effective assistance of counsel on appeal as well as at trial, counsel who acts as an advocate rather than merely as a friend of the court. *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). Attorney error amounting to ineffective assistance of counsel can constitute

cause. *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Lucas v. O'Dea,* 179 F.3d 412, 418 (6th Cir.1999); *Gravley v. Mills,* 87 F.3d 779, 785 (6th Cir.1996) However, *Murray* also holds that the exhaustion doctrine "generally requires that a claim of ineffective assistance of counsel be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default in federal habeas proceedings." 477 U.S. at 489, 106 S.Ct. 2639; *Ewing v. McMackin,* 799 F.2d 1143, 1149–50 (6th Cir.1986). The ineffective assistance claim cannot be presented as cause if it was procedurally defaulted in the state courts, unless one of the standard excuses for procedural default exists, to wit, miscarriage of justice or cause and prejudice. *Edwards v. Carpenter,* 529 U.S. 446, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000). Ineffective assistance of counsel on appeal cannot constitute cause for failure to file a timely application for reopening of the direct appeal under Ohio R.App. P. 26(B) since a person is not entitled to counsel for the reopening, it being a collateral proceeding and not part of the direct appeal. *Morgan v. Eads,* 104 Ohio St.3d 142, 818 N.E.2d 1157 (2004); *Lopez v. Wilson,* 426 F.3d 339 (6th Cir.2005)(*en banc*).

 Here Petitioner's Application for Delayed Reopening was untimely filed and was denied by the Second District Court of Appeals on that basis. Petitioner claims that the Ohio Supreme Court's refusal to hear the case does not expressly rely on lack of timeliness in filing and therefor cannot be understood as upholding a procedural default. However, the Supreme Court has held that where there has been one reasoned state court judgment rejecting a federal claim, there is a rebuttable presumption that later unexplained orders upholding the judgment or rejecting the same claim rest on the same

ground. *Ylst v. Nunnemaker,* 501 U.S. 797, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). Petitioner's claim of ineffective assistance of appellate counsel was procedurally defaulted by not presenting it in a timely manner to the Court of Appeals and thus it cannot serve to provide cause to excuse the procedural default of not fairly presenting these claims in the state courts.

Petitioner asserts that *Hill v. McMackin,* 893 F.2d 810 (6th Cir.1989), is to the contrary. *Hill* was decided **after** *Harris v. Reed,* 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), applied the plain statement rule of *Michigan v. Long,* 463 U.S. 1032 at 1040–1041, 103 S.Ct. 3469, 77 L.Ed.2d 1201(1983), to habeas corpus proceedings, but **before** *Ylst* was decided. Moreover, "[a] predicate to the application of the *Harris* presumption is that the decision of the last state court to which the petitioner presented his federal claims must fairly appear to rest on federal law or to be interwoven with federal law." *Coleman v. Thompson,* 501 U.S. 722, 735, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Simpson v. Jones,* 238 F.3d 399, 407–408 (6th Cir.2000); *Coe v. Bell,* 161 F.3d 320 (6th Cir.1998). The *Harris* rule does not apply at all if petitioner failed to exhaust state remedies and the court to which petitioner would now be required to present the claims in order to meet the exhaustion requirement would find a procedural bar. In that case, procedural default bars federal habeas review. *Teague v. Lane,* 489 U.S. 288, 297–98, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), reiterated in *Coleman,* 501 U.S. at note on 735.

Petitioner also asserts that the timeliness provision of Ohio App. R. 26(B) is not an adequate and independent state ground of decision because it is not regularly followed, relying on *Franklin v. Anderson,* 434 F.3d 412 (6th Cir.2006). However, *Franklin,* which was on appeal from a decision of this Court granting the writ of habeas corpus, was a capital case. The cases relied on by the Sixth Circuit in *Franklin* to show lack of enforcement of the timeliness rule were all capital cases. *See* 434 F.3d at 420–21. This Court had previously reached the same conclusion in capital cases. *Landrum v. Anderson,* 185 F.Supp.2d 868 (S.D.Ohio, 2002). In non-capital cases, enforcement of the timeliness rule by the Ohio Courts of Appeals has been quite consistent and the Sixth Circuit has found that it is an adequate and independent state ground in non-capital cases. *Monzo v. Edwards,* 281 F.3d 568 (6th Cir. 2002).

The Magistrate Judge concludes that Petitioner's first two Grounds for Relief were not fairly presented to the state courts as federal constitutional claims and Petitioner has not shown cause and prejudice which excuses that procedural default.

### Failure to Appeal

■■■ Even if the first two Grounds for Relief had been presented as federal claims, Petitioner procedurally defaulted on Ground One because it was not included in the propositions of law he appealed to the Ohio Supreme Court. This constitutes a procedural default under Ohio law. *O'Sullivan v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Petitioner does not argue any excusing cause and prejudice for this default and it constitutes a separate ground for dismissing Ground One.

### Failure to Assert in State Court

■■■ Petitioner's Third Ground for Relief essentially asserts the applicability of the *Apprendi* line of cases to sentences above the minimum in Ohio law. This claim was never pled in the Ohio courts until it was included in the Application for Delayed Reopening which was denied as untimely. Under *State v. Perry, supra,* any attempt to present it now to the Ohio

courts would be barred by *res judicata*. A habeas petitioner cannot "resurrect" a completely defaulted claim by raising it for the first time in a 26(B) application unless the Court of Appeals grants that application and reopens the judgment. Because claims of ineffective assistance of appellate counsel are based on a different legal theory from the underlying claims, the 26(B) application does not preserve the underlying claims from default. *White v. Mitchell,* 431 F.3d 517, 526 (6th Cir.2005).

### Waiver of Procedural Default Defense

■■ Petitioner asserts "[t]he State of Ohio waived the defense of procedural default by failing to assert it during any state court proceedings." (Reply, Doc. No. 14, at 6) The only act of the State on which Petitioner relies, however, is the failure of the Clark County Prosecutor to file a timeliness objection to Petitioner's Application for Delayed Reopening, either in the Court of Appeals or in the Ohio Supreme Court when Petitioner sought review.

Petitioner is correct that procedural default, like other affirmative defenses, can be waived if it is not properly asserted.[1] *See, e.g., Day v. McDonough,* 547 U.S. 198, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006), and *Scott v. Collins,* 286 F.3d 923 (6th Cir.2002)(statute of limitations). But here the Respondent properly pleaded procedural default in the very place where Fed. R.Civ.P. 8 requires affirmative defenses to be pled: in his Answer.

■■ Fundamentally, "procedural default, is a judicially created rule, grounded in fealty to comity values and requiring federal courts to respect state court judgments that are based on an 'independent and adequate' state procedural ground." *Abdur'Rahman v. Bell (In re Abdur'Rah-*

*man),* 392 F.3d 174, 186 (6th Cir., 2004), citing *Coleman v. Thompson,* 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir.1986). Thus federal courts look to the state courts' reliance or non-reliance on a state procedural rule in determining whether to apply the procedural default doctrine. If the prosecution raises a procedural defense which the state courts overlook and reach the merits, the federal courts will not strain to enforce a state rule which was bypassed. In this case, as is very frequently true with untimely applications to reopen appellate criminal judgments, the Court of Appeals enforced the timeliness rule without being asked to do so. It is to the enforcement of the rule, not how it was raised, that this Court must look.

Petitioner relies on *Merlo v. Bolden,* 801 F.2d 252, 255 (6th Cir.1986). In that case, however, the state courts had decided the petitioner's case on the merits and not on the basis of procedural default. Thus the state in that case could not have prevailed on a procedural default defense under the now-controlling analysis in *Maupin v. Smith, supra,* which requires that the state procedural rule have been enforced against the petitioner before it can form the basis of a procedural default defense in habeas.

Even if Petitioner's position were well-taken with respect to the timeliness of the Rule 26(B) application, it is difficult to see how that would be a waiver of all the other procedural defaults which Petitioner committed.

The Court concludes the State did not waive the procedural default defense by

---

1. Petitioner relies on a footnote in *Lee v. Kemna,* 534 U.S. 362, 376, n. 8, 122 S.Ct. 877, 151 L.Ed.2d 820 (2002), which may be dictum supportive of that position; the holding in *Lee* was that the Missouri rule in question was not an adequate and independent state ground of decision.

failing to oppose the untimely application to reopen.

### Conclusion

Because Petitioner procedurally defaulted in presenting each of his Grounds for Relief to the state courts, those defaults were held against him by the state courts, and he is unable to excuse the defaults, the Petition herein should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, he should not be granted a certificate of appealability or leave to appeal *in forma pauperis.*

### SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 17) to the Magistrate Judge's original Report and Recommendations (the "Report," Doc. No. 15). Respondent has replied to the Objections (Doc. No. 18) and the Objections were argued orally on March 26, 2007, at Petitioner's request (Transcript, Doc. No. 22). Andrew Avellano represented the Petitioner at oral argument and Thelma Price represented Respondent.

The General Order of Reference for the Dayton location of court permits the Magistrate Judges to reconsider decisions or reports and recommendations when objections are filed.

Petitioner, who is serving a seventeen-year sentence imposed by the Clark County Common Pleas Court raises the following grounds for relief:

> **Ground One:** Denial of due process under the 5th and 14th amendments by state's failure to enforce its own statutory procedures in giving a first-time offender non-minimum sentences, and in giving a maximum sentence as required and prohibited by law, respectively.
>
> **Supporting Facts:** State statutory schemes require giving a first time offender minimum sentences, unless certain findings are made by the trial court. Said findings were not present, and were not made "on the record" as required under the Ohio Supreme Court case law.
>
> **Ground Two:** Denial of due process under the 5th and 14th amendments, due to the state's failure to enforce its own statutory procedures in giving consecutive sentences and when the prosecution conceded error on said issue.
>
> **Supporting Facts:** Petitioner was a first time offender at age 59. He had no prior record of any kind. He was a 30+ year retiree from Navistar, Inc. State statutory schemes require that certain factors be present and found and stated on the record by the trial court during sentencing in order to justify giving consecutive sentences. Said factors were not present, and the prosecutor conceded error on the issue of the trial court's failure to make send findings on the record, yet the state Court of Appeals sustained the trial court's sentences.
>
> **Ground Three:** Denial of due process under the 5th, 6th, and 14th amendments, as the sentencing court made findings, exclusive to the providence [sic] of the jury, to give more than statutory minimum sentences to a first-time offender and to give consecutive sentences.
>
> **Supporting Facts:** State statutory schemes require that a first time offender receive a minimum sentence and that a defendant not receive consecutive sentences, unless certain "aggravating" factors are found by the trial court judge. Petitioner is a first-time offender, yet he received non-minimum and maximum sentences that will run consecutively. Not only did the trial court fail to make the necessary findings on the record to justify such sentences, such as sentence

and sentencing scheme are in direct conflict with United States Supreme Court case law precedent.

(Petition, Doc. No. 1, at 6–9.)

### Analysis

In his Answer, Warden Moore pled that all three Grounds for Relief were procedurally defaulted in the state courts and should be dismissed with prejudice on that basis (Answer, Doc. No. 11, at 7–18). The Warden also offered an alternative defense on the merits. *Id.* at 18–33. However, the Magistrate Judge did not reach the merits in the original Report and Recommendations, but concluded that the Warden's procedural default defenses should be sustained (Report and Recommendations, Doc. No. 15).

Petitioner's Objections to that conclusion are considered seriatim.

### Objection No. 1

Petitioner has argued that the State had waived any procedural default by failing to object to the untimeliness of Petitioner's Application for Delayed Reopening under Ohio R.App. P. 26(B). In fact, the county prosecutor filed nothing in response to the Application. Nevertheless, the Second District Court of Appeals found the Application to be untimely because that court's judgment on the merits was entered March 19, 2004, and the 26(B) Application was not filed until August 3, 2005. *State v. Abshear,* Case No. 03 CA 0012 (Ohio App. 2nd Dist., September 29, 2005)(unreported, copy attached as Ex. 14 to Answer, Doc. No. 11). The Court of Appeals dismissed the Application, holding "Because Abshear's App. R. 26(B) application was not timely filed, and because he has failed to demonstrate good cause for that failure, the application is Denied." *Id.* at 3.

Applying the governing four-prong analysis of *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir.1986), there is no question that (1) Ohio has a relevant rule—26(B) applica-

tions must be filed within ninety days of final appellate judgment, (2) Petitioner did not comply with that rule, and (3) Petitioner's non-compliance was held against him, i.e., the timeliness rule was enforced. The Report concluded that this procedural default barred the Petition.

Petitioner objects that *Merlo v. Bolden,* 801 F.2d 252 (6th Cir.1986), creates an exception to the *Maupin* analysis which saves him from procedural default. *Merlo* was decided the same year as *Maupin* but does not cite to the earlier case for governing law on procedural default, or attempt in any way to distinguish *Maupin.* Because *Maupin* is a published circuit opinion, the panel which decided *Merlo* could not have overruled *Maupin* even had it wanted to; its lack of citation to *Maupin* suggests perhaps *Maupin* had not yet established itself as the precedent to be cited on procedural default.

Without question, Maupin has now established itself as the controlling precedent. According to Shepard's while it has been criticized once (*Tyler v. McCaughtry,* 293 F.Supp.2d 920 (E.D.Wis.2003)), it has been followed 197 times. *See, e.g., Durr v. Mitchell,* 487 F.3d 423 (6th Cir.2007); *Nields v. Bradshaw,* 482 F.3d 442 (6th Cir.2007); *James v. Brigano,* 470 F.3d 636 (6th Cir.2006); *Apanovitch v. Houk,* 466 F.3d 460 (6th Cir.2006); *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426 (6th Cir.2006); *Williams v. Anderson,* 460 F.3d 789 (6th Cir.2006); *Washington v. Renico,* 455 F.3d 722 (6th Cir.2006); *Poindexter v. Mitchell,* 454 F.3d 564 (6th Cir.2006); *Keith v. Mitchell,* 455 F.3d 662 (6th Cir. 2006); *Carter v. Mitchell,* 443 F.3d 517 (6th Cir.2006); *Franklin v. Anderson,* 434 F.3d 412 (6th Cir.2006); and *Linscott v. Rose,* 436 F.3d 587 (6th Cir.2006), just to cite Sixth Circuit published opinions in the last two years. In contrast, *Merlo* has not

generated any following; *Shepard's* does not cite any approving cases.

Moreover and more importantly, the petitioner in Merlo would not have been barred under *Maupin* analysis because the state court decided his case on the merits and did not hold any state court default against him. *See Merlo,* 801 F.2d at 255. The key question under Maupin is whether the state court **enforced** a procedural bar against a defendant, *See Maupin,* 785 F.2d at 138, citing *County Court of Ulster County v. Allen,* 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). If the state court ignores the procedural default and decides the case on the merits (which is what happened in *Merlo* but not here), the federal court is also free to consider the merits. The mere existence of a procedural bar is insufficient; the state courts must have relied on it. *Caldwell v. Mississippi,* 472 U.S. 320, 327, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). In this case, as is evident from the holding quoted above, the Court of Appeals plainly enforced the 26(B) timeliness rule.

▇▇▇ Procedural default doctrine is grounded in comity to the state courts, not state prosecutors. *Abdur'Rahman v. Bell (In re Abdur'Rahman),* 392 F.3d 174, 186 (6th Cir., 2004), citing *Coleman v. Thompson,* 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), and *Maupin, supra.* Petitioner's suggested approach, which would not permit state courts to enforce their own rules *sua sponte,* turns the comity consideration upside down.

Petitioner also relies on *Lee v. Kemna,* 534 U.S. 362, 122 S.Ct. 877, 151 L.Ed.2d 820 (2002). In that case, the Supreme Court held that the state court rule relied upon was not an adequate state ground of decision because, at least in this case, it served no perceivable state interest. Thus *Lee* is not a case about waiver of a default by not objecting, but about the inadequacy of the state procedural rule even when it

was enforced. *Lee* is not applicable to the timeliness rule in Ohio App. R. 26(B) which has been held to be an adequate state ground for decision. *Monzo v. Edwards,* 281 F.3d 568 (6th Cir.2002).

Petitioner also relies, in support of his first Objection, on *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). That was a § 1983 action which did not in any way turn on deference to state court decisions.

### Objection No. 2

In his second Objection, Petitioner asserts that the Ohio Supreme Court did not clearly rely on his procedural default when it declined to review the Court of Appeals decision which did rely on that default, relying on the plain statement rule of *Harris v. Reed,* 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308, 317 (1989). As noted in the Report, subsequent to *Harris,* the Supreme Court held where there has been one reasoned state court judgment rejecting a federal claim, there is a rebuttable presumption that later unexplained orders upholding the judgment or rejecting the same claim rest on the same ground. *Ylst v. Nunnemaker,* 501 U.S. 797, 111 S.Ct. 2590, 115 L.Ed.2d 706, 716 (1991).

### Objection No. 3

In his third Objection, Petitioner asserts that he has demonstrated excusing cause and prejudice with regard to any claimed procedural default. The asserted excusing cause is ineffective assistance of appellate counsel in not presenting Petitioner's claims made in the Petition in the direct appeal. While ineffective assistance of appellate counsel can constitute excusing cause, the claim of ineffective assistance of appellate counsel must first be properly presented to the state courts. *Edwards v. Carpenter,* 529 U.S. 446, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000). Petitioner did not do that. Instead of filing his 26(B) Appli-

cation within the three months allowed by Ohio law, he waited seventeen months.

■ As an alternative to cause and prejudice, Petitioner relies on the "miscarriage of justice" excuse for procedural default (Objections, Doc. No. 17, at 9–10). However, the miscarriage of justice excuse is precisely equivalent to the excuse for actual innocence. The "miscarriage of justice" standard, which is sometimes used synonymously with "actual innocence," requires some showing of actual innocence. In other words, they are the same standard, not alternative ways of avoiding a procedural default. *Calderon v. Thompson*, 523 U.S. 538, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998). In *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), the Supreme Court recognized an exception to the cause and prejudice requirement for a petitioner who could demonstrate actual innocence. However, actual innocence means factual innocence as compared with legal innocence. *Kuhlmann v. Wilson*, 477 U.S. 436, 454, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986). "A prototypical example of actual innocence in a colloquial sense is the case where the State has convicted the wrong person of the crime." *Sawyer v. Whitley*, 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). Petitioner here does not claim actual innocence within the meaning of that doctrine as developed by the Supreme Court. Instead, he asserts it is a miscarriage of justice "that Ohio failed to follow its own sentencing law" in this case. That sort of miscarriage of justice, assuming it is one, does not excuse procedural default.

## Objection No. 4

Petitioner objects to the holding that the Court of Appeals' denial of his Application for Delayed Reopening relies on an adequate and independent state ground, to wit, the failure to file within the time allowed by the Rule (Objections, Doc. No.

17, at 11). As noted above, the timeliness rule in Ohio App. R. 26(B) which has been held to be an adequate state ground for decision. *Monzo v. Edwards*, 281 F.3d 568 (6th Cir.2002).

Petitioner relies on *Deitz v. Money*, 391 F.3d 804 (6th Cir.2004). That case, however, was not considering Ohio App. R. 26(B), but Ohio R.App. P. 5(A). Indeed the *Deitz* court did not cite *Monzo* and specifically indicated it was not deciding whether 26(B) was an adequate and independent state ground. *Id.* at 810. Petitioner argues "[t]he rules governing delayed appeals in the Ohio Court of Appeals [under App. R. 5(A)] and filing a timely application to reopen an appeal are substantially the same." (Objections, Doc. No. 12). If that is so, then it is *Deitz* which is wrongly decided, because *Monzo* was decided first in time and is a published decision.

Petitioner asserts that Monzo is not applicable because of *Franklin v. Anderson*, 434 F.3d 412 (6th Cir.2006). As explained in the Report, *Franklin* is a capital case and based its reasoning on the failure of the Ohio Supreme Court to apply the 26(B) timeliness rule in capital cases (Report, Doc. No. 15, at 12–13). There is simply no comparable failure to apply the Rule in non-capital cases.

## Objection No. 5

■ The Report concluded that Petitioner's Third Ground for Relief, which asserts the applicability of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny to sentences above the statutory minimum in Ohio, is procedurally defaulted because it was never presented to the Ohio courts until the 26(B) Application was filed. This is a procedural default independent of the untimeliness of the 26(B) Application. That is to say, if the Court of Appeals had granted the application to reopen, it would

still have denied this claim on the merits because it was a claim available to Petitioner at trial and never raised at trial; absent a contemporaneous objection at trial, it could not have been ineffective assistance of appellate counsel to fail to raise it on appeal.

Even if this claim had been raised at trial, it would not likely have been a winning argument on direct appeal because the Ohio courts were not applying *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), to the Ohio sentencing scheme until *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006). On both these grounds, it was not ineffective assistance of appellate counsel to fail to raise this claim on direct appeal.

### Objection No. 6

In his Objection No. 6, Petitioner contests the Report's conclusion that he did not raise his First Ground for Relief on appeal to the Ohio Supreme Court. He asserts he did raise it "albeit in-artfully."

The First Ground for Relief reads:

**Ground One:** Denial of due process under the 5th and 14th amendments by state's failure to enforce its own statutory procedures in giving a first-time offender non-minimum sentences, and in giving a maximum sentence as required and prohibited by law, respectively.

The sole proposition of law raised in the Ohio Supreme Court reads:

If a trial court chooses to impose consecutive sentences pursuant to R.C. 2929.14(E), it must first make the statutorily enumerated findings and give reason supporting those findings at the sentencing hearing. The trial court must clearly align each reason with the specific finding in order to support its decision to impose consecutive sentences.

(Quoted in Report, Doc. No. 15, at 4.) Comparing those two sets of words, it is

clear that they do not raise the same issue under Ohio Revised Code § 2929.14.

### Conclusion

Having considered Petitioner's Objections, the Magistrate Judge again concludes the Petition should be dismissed with prejudice as barred by procedural default. Any decision on a certificate of appealability should await a request.